RODNEY A. LOGAL v. WILLIAM C. CRUSE, JERRY W. COOK, BILLIE D. MARTIN, RANDALL CZEKAJ AND WILLIAM J. MAHAN.

[No. 1077S746. Filed October 13, 1977.]

84

*Michael L. Muenich,* of Hammond, for appellant.

*Karen L. Hughes, Larry G. Evans,* of Valparaiso, for appellee Cruse, *Edmond J. Leeney,* of Hammond, for appellee Cook, *Dale E. Custer, Fred M. Stults, Jr.,* of Gary, for appellee Martin, *Rudy Lozano,* of Gary, for appellee Czekaj.

DEBRULER, J.—The Porter Superior Court dismissed an action by appellant Logal because of Logal's failure to comply with an order that he make available his physician for a deposition by the appellee-defendants. Logal filed a motion to correct errors challenging the dismissal as an abuse of discretion. After that motion was overruled he perfected his appeal in cause number 3-774A120 in the Court of Appeals.

During the pendency of that appeal, Logal filed with the trial court a motion under Ind. R. Tr. P. 60(B) seeking reinstatement of the suit. This motion was overruled, resulting in appeal number 3-675A106. The Court of Appeals affirmed the judgment of dismissal and dismissed the appeal from the denial of the Rule 60 motion on the grounds that the trial court lost jurisdiction over the matter upon the filing of the

initial appeal. The Court of Appeals relied on *Bright* v. *State,* (1972) 259 Ind. 495, 289 N.E.2d 128, in which this Court held that a trial court lacked jurisdiction to entertain a petition under the Post-Conviction Rules while the petitioner's direct appeal was pending.

We have accepted transfer of these appeals, which have been consolidated at appellant's request, in order to clarify the procedure appropriate when an appellant seeks to raise a Trial Rule 60(B) challenge to a judgment against which an appeal has been taken.

## I.

Trial Rule 60(B) allows a party to obtain relief from a judgment against him from the trial court, for various enumerated reasons. Most 60(B) grounds must be raised within a year of judgment; all must be raised within a reasonable time.

The Federal Rules of Civil Procedure contain an analogous Rule 60(b). As Judge Staton points out in his dissent below, the federal courts have developed several alternative procedures for consideration of motions under their Rule 60(b) during the pendency of appeals. *Logal* v. *Cruse,* (1975) Ind. App., 338 N.E.2d 309, 311-12. The procedure enjoying greatest currency among the federal courts calls for an appellant seeking relief under Rule 60 to file his motion with the district court; if the district court indicates an inclination to grant the motion, the appellant applies to the circuit court of appeals for a remand of the case to the district court for action on the 60(b) motion. See 11 C. WRIGHT and A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2873 at 265-66 (1973).

Significant differences between Indiana and federal civil procedure have convinced this Court to adopt an alternative procedure, employed in a minority of federal courts. See *Weiss* v. *Hunna,* (2d Cir. 1963) 312 F.2d 711, *cert. den'd* 374

U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073. An appeal in most federal cases is initiated by the filing of a notice of appeal, ordinarily required within thirty days of judgment. Fed. R. Ap. P. 4(a). The district court loses jurisdiction to grant a 60(b) motion upon filing of the notice. *Zigzag Spring Co.* v. *Comfort Spring Corp.*, (3d Cir. 1953) 200 F.2d 901. The filing of a motion for new trial under Fed. R. Civ. P. 59 or for judgment n.o.v. under Fed. R. Civ. P. 50 extends the time for filing the notice, but these motions are optional. Thus in federal court the time available for discovery of 60(b) grounds will ordinarily be limited to thirty days.

In our courts, in contrast, any party wishing to appeal must file a motion to correct errors within sixty days of judgment. Ind. R. Tr. P. 59(C) and (G). After denial of that motion the appellant has a total of ninety days to file the record with the appellate court. Ind. R. Ap. P. 3(B). Not until the record is filed does the trial court lose jurisdiction. *Bright* v. *State, supra.* Thus not until 150 days after judgment exclusive of the time during which the motion to correct errors is under consideration, see Ind. R. Tr. P. 53.1(A), is the trial court ordinarily divested of its jurisdiction. Trial Rule 59 allows inclusion of the grounds for relief enumerated in Rule 60(B)(1) to (3), all of which are subject to the one-year limitation, in the motion to correct errors. Ind. R. Tr. P. 59(A). Rule 60(B) requires motions thereunder to be filed within a reasonable time, which may be less than one year, and our Court of Appeals has held that only grounds which could not have been included in the motion to correct errors can be advanced in a Rule 60(B) motion. *Warner* v. *Young America Fire Dept.*, (1975) 164 Ind. App. 192, 326 N.E.2d 831. It appears from this collation of rules that in Indiana courts a party has a significantly longer time to present Rule 60(B) grounds to the trial court than his counterpart in federal court, and that meritorious motions for relief from judgment during the

pendency of an appeal from that judgment are likely to be less frequent in our system.

Therefore we adopt the following procedure for disposition of 60(B) motions while the judgment is on appeal.

(1) The moving party files with the *appellate court* an application for leave to file his 60(B) motion. This application should be *verified* and should set forth the grounds relied upon *in a specific and non-conclusory manner.*

(2) The appellate court will make a preliminary determination of the merits of the movant's 60(B) grounds. In so doing the appellate court will determine whether, accepting appellant's specific, non-conclusory factual allegations as true, there is a substantial likelihood that the trial court would grant the relief sought. Inasmuch as an appellate court is not an appropriate tribunal for the resolution of factual issues, the opposing party will not be allowed to dispute the movant's factual allegations in the appellate court.

(3) If the appellate court determines that the motion has sufficient merit, as described in the preceding paragraph, it will remand the entire case to the trial court for plenary consideration of the 60(B) grounds. Such remand order will terminate the appeal and the costs in the appellate court will be ordered taxed against the party procuring the remand. The decision to remand does not require the trial court to grant the motion. *Caribou Four Corners, Inc.* v. *Truck Ins. Exchange,* (10th Cir 1971) 443 F.2d 796. If the trial court denies the motion, the movant should file a motion to correct errors addressed to this denial, *Hooker* v. *Terre Haute Gas Corp.,* (1974) 162 Ind. App. 43, 317 N.E.2d 878, and appeal the denial. In this new appeal any of the issues raised in the original appeal may be incorporated, without being included in the second motion to correct errors.

(4) If the trial court grants the motion, the opposing party may appeal that ruling under the same terms as described in paragraph (3). The original appeal shall be deemed moot.

(5) If the appellate court denies the application for remand, that ruling may be assigned as grounds for rehearing and, where appropriate, transfer.

We believe that this procedure will allow full and fair consideration of grounds for relief from judgment with a minimum of disruption of the appellate process. For purposes of illustration and in the interests of fairness, we will consider Logal's 60(B) motion as though it were an application made in accordance with the procedure outlined today.

## II.

Logal's action was dismissed as a sanction for non-compliance with a discovery order. Logal had been ordered to produce his physician for deposition; neither Logal, his attorney, or physician appeared. The trial court ordered Logal to pay $1,200 in costs to the defendants, whose attorneys had appeared for the deposition with a court reporter. When the costs were not paid, the trial court dismissed the action pursuant to Ind. R. Tr. P. 37(B)(4).

Logal asserts that he was not personally served with the order and therefore had no notice of the impending dismissal. He does not deny that his attorney received such notice. Indiana R. Tr. P. 5 provides:

> "Whenever a party is represented by an attorney of record, service shall be made upon such attorney. . . ."

Service upon an attorney of record constitutes notice to the party represented. *State ex rel. Brubaker* v. *Pritchard*, (1956) 236 Ind. 222, 138 N.E.2d 233, 60 A.L.R.2d 1239. Therefore, accepting Logal's assertions as true, we find no substantial likelihood of success in his advanced grounds for relief.

## III.

In cause 3-675A106, Logal contends that the trial court abused its discretion in dismissing his action. We cannot

agree. The trial court was faced with unexcused disregard of its discovery orders, and imposed the maximum sanctions authorized by our Rules. Indiana R. Tr. P. 37 provides for this sanction when "the court determines that the party's conduct has or threatens to so delay or obstruct the rights of the opposing party that any other relief would be inadequate." We cannot say that a conclusion to this effect by the trial court is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *State ex rel. Steers* v. *Holovachka,* (1957) 236 Ind. 565, 575, 142 N.E.2d 593, 597; *McFarlan* v. *Fowler Bank City Trust Co.,* (1938) 214 Ind. 10, 14, 12 N.E.2d 752, 754.

Appeals 3-774A120 and 3-675A106 are transferred to this Court. The judgments of the Porter Superior Court dismissing this action and denying appellant's motion for relief from the judgment are affirmed.

Prentice and Pivarnik, JJ., concur; Givan, C.J., concurs in result; Hunter, J., concurs in part and dissents in part with opinion.

OPINION CONCURRING IN PART AND DISSENTING IN PART

HUNTER, J.—I concur with the majority opinion that the taking of an appeal should not preclude a party from pursuing its remedies under Ind. R. Tr. P. 60(B); however, I am in disagreement as to the procedure to be followed. In selecting the particular method that it did, the majority chooses to reject a procedure used by a majority of the federal courts for one that has been referred to as an anomaly by legal commentators. (WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2878 at 263-264.)

The procedure which I would adopt is similar to that followed in the majority of the federal courts:

1. The movant would file a motion for relief with the trial court. Simultaneously a certified copy is sent to the court

of appellate jurisdiction. Upon receipt of that motion, the appeal is held in abeyance and further jurisdiction in the pending matter is extended to the trial court as a factfinder.

2. *Notification by the trial court of its determination.*

(a) If the trial court intends to grant the motion, it notifies the court of appellate jurisdiction which would remand the appeal to the trial court for granting.

(b) If the trial court determines to deny the motion, it may do so without remand from the court of appellate jurisdiction. If the moving party desires, it may appeal the denial of its motion and said ruling is merged into the appeal on the merits.

The above procedure has been recognized as promoting true judicial economy. See: HARVEY, RULES AND RULINGS FOR THE TRIAL LAWYER, 18 RES GESTAE 21 (November 1974) ; *Washington* v. *Board of Education School District 89*, (7th Cir. 1974) 498 F. 2d 11; *Wright, supra, Ryan* v. *U.S. Lines Co.*, (C.A. 2d, 1962) 303 F.2d 430, 434. It eliminates the further burdening of the appellate system with a preliminary review before remanding to the trial court for a ruling on the merits of the motion. This duplication of judicial effort is both unnecesary and undesirable.

I would therefore grant transfer and adopt the procedure set forth in this opinion.

NOTE.—Reported at 368 N.E.2d 235.