Mary Cecile DONAHUE, in her individual capacity, Mary Cecile Donahue, in Her Capacity as Trustee of the Trust Created Under the Last Will and Testament of Ellen D. Watson, Deceased, Mary Cecile Donahue, in Her Capacity of Beneficiary of the Trust Created Under the Last Will and Testament of Ellen D. Watson, Deceased, Appellant–Defendant,

v.

Edward J. WATSON, Mary Ann Elliott, Francis D. Watson, Nancy Elizabeth Plaster, Sister Ellen Watson, Martha Connell, William C. Watson, Appellees–Plaintiffs.

No. 2–580A163.

Court of Appeals of Indiana, Fourth District.

Dec. 29, 1980.

Rehearing Denied March 3, 1981.

---

Thomas W. Munger, Lafayette, for appellant–defendant.

Lesley A. Meade, Hanna, Gerde and Meade, Lafayette, for appellees–plaintiffs.

CHIPMAN, Judge.

Mary C. Donahue, former trustee of a testamentary trust created by Ellen D. Watson, appeals from an order of the Tippecanoe Circuit Court which directed Donahue to pay the attorney fees of the trust beneficiaries. The following issues are raised for our consideration:

1) whether the trial court had jurisdiction to award attorney fees,

2) whether the trial court erred by holding the trustee individually liable for the attorney fees of the beneficiaries, and

3) whether there was sufficient evidence to support an award of $10,000.

Affirmed.

On October 24, 1978, the trial court granted a motion for summary judgment filed on behalf of the appellees, who are beneficiaries of the trust in question. The court found trustee Mary Donahue had committed a breach of trust by improperly distributing trust corpus as income, failing to maintain separate accounts for principal and income, improperly commingling trust funds, and by making improper charges of expenses against principal. The trial court ordered Donahue removed from her position as trustee and found her personally liable to the trust and to the beneficiaries for amounts improperly distributed and for resultant dissipation of trust principal. While the trial court stated in its findings that Donahue was liable to the beneficiaries for their attorney fees, an award of such fees was not included in the order and judgment. An appeal from this original judgment was taken by Donahue and the record of proceedings was filed with this court on June 7, 1979. We affirmed the trial court's summary disposition of the case. *Donahue v. Watson et al.*, (1980) Ind.App., 411 N.E.2d 741.

On June 15, 1979, after the record had been filed with this court in the original appeal, the trial court entered a second judgment directing Donahue to pay $10,000 in attorney fees incurred by the beneficiaries during the prosecution of their action to establish a breach of trust. Donahue subsequently filed a second motion to correct errors and this appeal follows.

## I. Jurisdiction

■ Appellant Donahue first argues the trial court lost jurisdiction over the entire subject matter of this controversy when the record of proceedings was initially filed with the clerk of our court on June 7, 1979. We hold the trial court had the authority to make the attorney fee award.

■ Ind. Rules of Procedure, Appellate Rule 3(A) states the general rule concerning the acquisition of appellate jurisdiction:

"Every appeal shall be deemed submitted and the appellate tribunal deemed to have acquired jurisdiction thereof on the date the record of proceedings is filed with the clerk of the Supreme Court and Court of Appeals."

Interpreting A.P. 3(A), our courts have consistently held that when appellate jurisdic-

tion is acquired, the trial court is deprived of any further jurisdiction in the action. *Bright v. State*, (1972) 259 Ind. 495, 289 N.E.2d 128; *Nehring v. Raikos*, (1979) Ind. App., 390 N.E.2d 1092; *Logal v. Cruse*, (1975) 167 Ind.App. 160, 338 N.E.2d 309. The rule does not promote form over substance; it facilitates the orderly presentation and disposition of appeals and prevents the confusing and awkward situation of having the trial and appellate courts simultaneously reviewing the correctness of the judgment.

However, the policies which underlie the rule appear to be absent in the present case. The first judgment entered by the trial court did not order the payment of attorney fees. Therefore, the issues presently before this court could not have been raised during the initial appeal. The trial court impliedly reserved this ancillary matter until an evidentiary hearing could be conducted and a determination made as to what a reasonable fee would be. Indeed, we believe this practice is contemplated by our rules of civil procedure. Ind. Rules of Procedure, Trial Rule 54(B) allows the trial court to direct the entry of a final judgment as to one or more but fewer than all the claims of the parties. We hardly think the trial court thereby loses jurisdiction to adjudicate those claims which remain unresolved. Therefore, we hold the trial court retained limited jurisdiction over the case to dispose of those claims left unresolved by the first judgment.

## II. Liability of Trustee

■ Appellant Donahue next argues the trial court erred by holding her individually liable for the attorney fees of the beneficiaries. Donahue contends our Trust Code does not authorize the recovery of attorney fees in a case such as this, and that such an award is contrary to a provision of the Trust. We disagree.

First, our Trust Code specifically authorizes the recovery of attorney fees in a case

where a beneficiary successfully maintains an action to compel the trustee to perform his duties, to enjoin the trustee from committing a breach of trust, to compel the trustee to redress a breach of trust, or to remove a trustee for cause. Ind. Code 30–4–3–22(a)(1), (2), (3) and (4). Ind. Code 30–4–3–11(b)(4) provides that if a trustee commits a breach of trust, he is liable to the beneficiary for:

> "(4) reasonable attorneys' fees incurred by the beneficiary in bringing an action on the breach."

As the trial court found Donahue committed a breach of trust by improperly distributing principal as income and by commingling funds, an attorney fee award was entirely appropriate.

■ Donahue also contends a provision in the trust instrument manifests an intention of the settlor that the trustee not be held personally liable for attorneys' fees. That provision states:

> "In the exercise of the several powers herein granted, said trustees shall have full power and authority to bind the trust without making themselves individually liable . . . ."

While this provision unquestionably manifests the settlor's desire that the trustee be able to contractually bind the trust without incurring personal liability,[1] it simply cannot be interpreted as precluding the recovery of attorney fees when a breach of trust has been established. Therefore, we hold the trial court did not err by finding Donahue personally liable for the reasonable fees incurred by the beneficiaries in the prosecution of this action.

## III. Sufficiency of the Evidence

■ Finally, appellant Donahue argues the evidence does not support an attorney fee award of $10,000. According to Donahue, the award is based upon an unusual duplication of work. We disagree.

The evidence does show that the work of attorney Les Meade, then an associate with

---

1. This principle of law has been codified in our Trust Code, Ind. Code 30–4–3–10(a):

   "Unless the terms of the contract or other non–negotiable obligation expressly provide otherwise, the trustee is not personally liable on a contract or other non–negotiable obligation with a third person made by him in the administration of the trust."

the firm of Hanna and Gerde, was reviewed by senior attorney George Hanna. While Meade had only practiced law for approximately a year and a half at the time, Hanna had nearly 25 years of experience. Both Meade's and Hanna's time were considered in arriving at the $10,000 figure. Meade's time was computed at $50 an hour, Hanna's at $60 an hour. In light of the complex nature of this litigation, which involved multiple defenses and counterclaims, we do not believe the trial court abused its discretion by considering the time expended by both attorneys.

Donahue also argues that some of the hours included in the beneficiaries' claim for attorney fees were expended in another case, not in the beneficiaries' action to establish a breach of trust. Contrary to this assertion, George Hanna testified on cross-examination, "I believe that *all* of this time was necessarily spent to resolve successfully in behalf of our clients Cause Number C–29–75." (R. 125)

In short, we find sufficient evidence as to the value of the legal services provided to the beneficiaries to support an attorney fee award of $10,000.

The judgment of the trial court is affirmed.

YOUNG, P. J., concurs.

MILLER, J., concurs in result.