Lloyd A. SOUTHWOOD, as administrator of the Estate of Helen Southwood, Appellant–Plaintiff,

v.

David CARLSON, M.D., Evansville Surgical Associates, P.K. Bhatt, M.D., and Deaconess Hospital, Appellees–Defendants.

No. 82A04–9703–CV–124.

Court of Appeals of Indiana.

Jan. 19, 1999.

Rocco A. Marrese, M.D., J.D., Ronald Warrum, Evansville, for Lloyd A. Southwood.

Michele S. Bryant, Catherine M. Hurt, Bamberger, Foreman, Oswald and Hahn, Evansville, for David Carlson, M.D. & Evansville Surgical Associates.

William E. Statham, Statham, Johnson & McCray, Evansville, for Deaconess Hospital.

Todd J. Kaiser, Mary R. Feldhake, Locke Reynolds Boyd & Weisell, Indianapolis, for Pallavi K. Bhatt, M.D.

## OPINION

STATON, Judge.

This consolidated appeal arises from a medical malpractice lawsuit initiated by Lloyd A. Southwood ("Southwood"), as the administrator for the Estate of Helen Southwood, against David Carlson, M.D., Evansville Surgical Associates, P.K. Bhatt, M.D., and Deaconess Hospital ("the Health Care

Providers"). Southwood appeals from the trial court's grant of summary judgment in favor of the Health Care Providers. The Health Care Providers appeal from the trial court's grant of Southwood's T.R. 60(B) motion to set aside summary judgment and his T.R. 76(B) motion for change of judge. Because the Health Care Providers' appeal raises a jurisdictional issue, we address it first.

### Health Care Providers' Appeal

Collectively, the Health Care Providers identify five issues.[1] Because the issue of jurisdiction is dispositive, we address it first: whether the trial court lacked jurisdiction to set aside its grant of summary judgment in favor of the Health Care Providers and to grant a change of judge.

We reverse.

Southwood filed suit against the Health Care Providers. The trial court granted summary judgment in favor of each defendant. Southwood filed a motion to correct error, which was denied. On December 23, 1996, Southwood filed a praecipe. On January 2, 1997, Southwood filed a T.R. 60(B) motion for relief from judgment, requesting the trial court to set aside its grant of summary judgment in favor of the Health Care Providers. Southwood also filed a motion for a change of judge. On March 21, 1997, Southwood submitted a record of proceedings to the clerk of this court. On April 21, 1997, the trial court granted Southwood's T.R. 60(B) motion, purporting to set aside its grant of summary judgment in favor of the Health Care Providers. The trial court also granted Southwood's motion for a change of judge. The Health Care Providers filed a motion to correct error, on which the trial court did not rule. This appeal ensued.

The Health Care Providers argue that the trial court lacked jurisdiction to grant Southwood's T.R. 60(B) motion for relief from judgment and his motion for change of judge because the court of appeals had acquired jurisdiction over the case when Southwood filed a record of proceedings on March 21, 1997. Ind. Appellate Rule 3(A) provides, in part: "Every appeal shall be

---

1. Three Appellant's Briefs have been filed. Dr. Bhatt and Deaconess Hospital filed briefs individually, and Dr. Carlson and Evansville Surgical Associates filed a joint brief.

deemed submitted and the appellate tribunal deemed to have acquired general jurisdiction on the date the record of proceedings is filed with the clerk of the Supreme Court and Court of Appeals." Too, it is well-established that the trial court is deprived of further jurisdiction when appellate jurisdiction is acquired. *Schumacher v. Radiomaha, Inc.*, 619 N.E.2d 271, 273 (Ind.1993); *Coulson v. Indiana & Michigan Elec. Co.*, 471 N.E.2d 278, 279 (Ind.1984); *Donahue v. Watson*, 413 N.E.2d 974, 975–76 (Ind.Ct.App.1980), *reh. denied, trans. denied.* This rule "facilitates the orderly presentation and disposition of appeals and prevents the confusing and awkward situation of having the trial and appellate courts simultaneously reviewing the correctness of the judgment." *Id.* at 976.

■ Recognizing the jurisdictional problems created by the consideration of T.R. 60(B) motions during the pendency of an appeal, the Indiana Supreme Court has created a procédure that parties must follow while a judgment is on appeal. *See Logal v. Cruse*, 267 Ind. 83, 368 N.E.2d 235, 237 (1977). A party seeking to file a T.R. 60(B) motion must file a verified petition with the appellate court seeking leave to file the motion. *Id.* If the appellate court determines that the motion has sufficient merit, it will remand the entire case to the trial court for plenary consideration of the T.R. 60(B) grounds. *Id.* Such a remand will terminate the appeal. *Id.*

■ Southwood did not avail himself of the above procedure. He argues that the *Logal* procedure is inapplicable to his case because he filed his T.R. 60(B) motion prior to the court of appeals obtaining jurisdiction. In *Logal,* the movant filed his T.R. 60(B) motion with the trial court after the court of appeals had obtained jurisdiction. Here, Southwood filed his T.R. 60(B) motion on January 2, 1997, approximately three months before this court obtained jurisdiction.

We recognize that Southwood could not have followed the *Logal* procedure on January 2, 1997, since this court did not yet have jurisdiction. Nevertheless, the fact remains that the trial court was deprived of its jurisdiction to consider Southwood's motion when the record of proceedings was filed on March 21, 1997. On that date, Southwood was obligated to follow the *Logal* procedure if he still wished for the trial court to consider his T.R. 60(B) motion.[2]

Next, Southwood argues that the trial court was entitled to rule upon unresolved motions pending at the time his appeal was perfected, citing *Donahue v. Watson.* In *Donahue,* this court held that a trial court retained limited jurisdiction to award attorney fees after the appellate court obtained general jurisdiction. 413 N.E.2d at 976. There, the trial court had entered findings that the plaintiff was entitled to attorney fees, but had not awarded them in the original judgment, which was the subject of the appeal. When the trial court awarded the attorney fees subsequent to this court obtaining general jurisdiction, the defendant challenged the award on the theory that the trial court had lost jurisdiction to enter any orders with respect to the case. We disagreed, holding that the trial court does not lose jurisdiction, upon the perfection of an appeal, to adjudicate unresolved claims. *Id.* In so holding, we reasoned that the policies underlying the jurisdictional rule are not implicated when the trial court rules on issues that could not have been raised in the appeal. *Id.*

Southwood's position differs from that of the plaintiffs in *Donahue.* The *Donahue* plaintiffs sought a trial court ruling on an ancillary matter, unrelated to the judgment being appealed. Southwood's T.R. 60(B) motion was a challenge to the very judgment that was also the subject of Southwood's appeal. Thus, any trial court decision on the motion would have an affect on the subject of the appeal, as Southwood himself recognized

2. Of course, we recognize that it would be illogical for Southwood to vest this court with jurisdiction over his case by filing the record of proceedings, and then, to immediately request that we remand the case, and jurisdiction thereof, to the trial court for consideration of the T.R. 60(B) motion. However, Southwood had a choice prior to filing the record. He could have chosen not to file the record so that the trial court could continue its consideration of his T.R. 60(B) motion. Instead, Southwood chose to pursue his appeal of the original judgment, thereby forfeiting his right to proceed in the trial court.

by filing a motion to remand in this court after the trial court purported to grant his T.R. 60(B) motion. When a trial court's rulings affect the issues on appeal, the very purpose of our jurisdictional rule—to prevent trial courts and appellate courts from simultaneously reviewing the correctness of judgments—is implicated. Thus, our holding in *Donahue* does not assist Southwood.

Because we conclude that the trial court was without jurisdiction to rule upon Southwood's T.R. 60(B) and T.R. 76(B) motions, we vacate the court's April 21, 1997 rulings on those motions.[3]

### Southwood's Appeal

Southwood appeals the trial court's grant of summary judgment in favor of the Health Care Providers. He raises two issues, which we restate as:

I.   Whether it was reversible error for the trial court judge not to disqualify himself.

II.  Whether Southwood sufficiently designated evidence which established a genuine issue of material fact.

We affirm.

Southwood initiated this medical malpractice action in 1994 by filing a proposed complaint with the Indiana Department of Insurance. On June 6, 1994, Dr. Carlson and Evansville Surgical Associates filed a Petition for Preliminary Determination of Law in the Vanderburgh Superior Court. This petition was assigned to the Honorable Terry Dietsch. Southwood alleges that during an off-the-record hearing on this petition, Judge Dietsch stated that he or a member of his family had been treated by Dr. Carlson.

On March 6, 1996, a medical review panel rendered an opinion that the Health Care Providers' treatment of Mrs. Southwood had not fallen below the applicable standard of care. Shortly thereafter, Southwood filed a complaint in the Vanderburgh Superior

Court, alleging medical negligence by the Health Care Providers.

Each of the Health Care Providers filed a motion for summary judgment. Southwood responded to these motions on September 9, 1996, the day of the summary judgment hearing. The trial court granted summary judgment in favor of the Health Care Providers. Southwood filed a motion to correct error, which was denied. This appeal ensued.

### I.

### *Disqualification of the Judge*

Southwood argues that it was reversible error for the trial court judge not to disqualify himself. Southwood alleges that during an off-the-record hearing in 1994, Judge Dietsch stated that he or a member of his family had been treated by Dr. Carlson. Canon 3(E)(1) of the Code of Judicial Conduct provides, in part: "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned...." Southwood contends that Judge Dietsch's failure to disqualify himself based upon his relationship with one of the defendant doctors violates this canon, and requires this court to reverse the judgments entered in favor of the Health Care Providers and remand with instructions for a change of judge and venue.

Assuming without deciding that Judge Dietsch's alleged relationship with Dr. Carlson required disqualification, we conclude that reversal is not warranted in this case. Despite the presence of Southwood's counsel at the hearing in which Judge Dietsch allegedly stated his relationship with Dr. Carlson, Southwood did not request that Judge Dietsch disqualify himself until after the trial court granted summary judgment in favor of the Health Care Providers. Recog-

---

**3.** Finally, Southwood seems to suggest that this court does not have jurisdiction to vacate a trial court judgment entered without jurisdiction. Southwood cites Ind. Appellate Rule 4 for the proposition that an appeal may only be taken from final judgments. He argues that a trial court without jurisdiction cannot issue a final judgment. The implication of Southwood's argu-

ment is that the trial court's rulings on his motions are unappealable to the extent that they were entered without jurisdiction. We decline to address this unique but undeveloped argument because Southwood has failed to cite relevant authority or to make cogent argument. Ind. Appellate Rule 8.3(A)(7).

nizing that such a delay subjects him to waiver, Southwood argues that a judge's potential conflict can never be waived by a party, citing *Tyson v. State*, 622 N.E.2d 457 (Ind.1993).

In *Tyson*, Chief Justice Shepard, acting alone, considered an appellant's request that he vacate his earlier disqualification from consideration of the appellant's case. Discussing his decision to disqualify himself, Chief Justice Shepard wrote:

> Indiana practice has always leaned toward recusal where reasonable questions about impartiality exist. In fact, Indiana departed from the ABA model code by omitting provisions for the remittal of disqualification, former Canon 3(D), believing that *parties should not be permitted to waive grounds for recusal* which the public might find warranted.... [I]n a close case where impartiality might reasonably be questioned, a judge must recuse.

*Id.* at 460 (emphasis added) (footnote omitted). Southwood contends that this excerpt from Chief Justice Shepard's opinion stands for the proposition that his delay in requesting disqualification cannot result in waiver. Southwood's argument reflects a misunderstanding of Chief Justice Shepard's opinion and ignores precedent to the contrary.

Chief Justice Shepard's reference to former Canon 3(D) was made in the context of his decision whether or not to disqualify himself from a case.[4] He used this state's omission of the canon from the Code of Judicial Conduct as an example of our strong policy in favor of disqualification where any question regarding a judge's impartiality exists. Unlike *Tyson*, the issue here is not whether Judge Dietsch should have disqualified himself under Canon 3(E)(1); we are assuming for argument's sake that he should have. Rather, the issue is whether Southwood may wait until after he has received an unfavorable ruling to make such an argument. We conclude that he cannot, and hold that Southwood has waived this argument.

In *Hobson v. State*, 471 N.E.2d 281 (Ind. 1984), our supreme court held that a criminal defendant could not wait until after an unfavorable outcome at trial, and then complain he was prejudiced by a judge's pre-trial violation of the Code of Judicial Conduct. *Id.* at 287. Likewise, in *Renforth v. Fayette Memorial Hosp. Ass'n, Inc.*, 178 Ind.App. 475, 383 N.E.2d 368 (1978), *trans. denied, cert. denied*, 444 U.S. 930, 100 S.Ct. 273, 62 L.Ed.2d 187 (1979), we held that a party who knew or had reason to know before final judgment that the judge was the father-in-law of an opposing attorney could not wait until after the judgment to raise an objection. *Id.* at 372. Indeed, Chief Justice Shepard addressed this precise issue in *Tyson* when he stated: "Timeliness is important on recusal issues. 'Counsel ... may not lie in wait, raising the recusal issue only after learning the court's ruling on the merits.'" 622 N.E.2d at 460 (quoting *Phillips v. Amoco Oil Co.*, 799 F.2d 1464 (11th Cir.1986), *cert. denied*, 481 U.S. 1016, 107 S.Ct. 1893, 95 L.Ed.2d 500 (1987)).

Finally, Southwood argues that he should not be deemed to have waived the argument because, he argues, Judge Dietsch denied him the opportunity to raise an objection. Specifically, Southwood indicates that Judge Dietsch failed to make his statement on the record and that the Judge failed to reinform Southwood of his relationship with Dr. Carlson. Counsel for Southwood asserts that he did not remember the judge's off-the-record statement because no record had been made and because twenty-two months had passed between the time the statement was made and the filing of Southwood's lawsuit.[5]

---

4. The omitted canon referenced to by the Chief Justice provided:

   > A judge disqualified by the terms of Section 3E may disclose on the record the basis of the judge's disqualification. If following disclosure of any basis for disqualification other than personal bias or prejudice concerning a party, the parties and lawyers, without participation by the judge, all agree that the judge should not be disqualified, and the judge is then will-

   ing to participate, the judge may participate in the proceeding....

   Model Code of Judicial Conduct Canon 3(F) (1990).

5. The complained of statement was made during a discovery hearing associated with Southwood's proposed complaint before a medical review panel. Southwood did not file the present lawsuit until after review of his proposed complaint by the medical review panel.

Southwood contends that Judge Dietsch was obligated to reinform him of his relationship, and without such information he was unable to make an objection.

Initially, we note the incongruity of Southwood's argument and the facts. Southwood's counsel argues that because twenty-two months had passed he was unable to recall Judge Dietsch's statement. Yet, twenty-nine months after the Judge's statement and after unfavorable judgments were rendered, Southwood's counsel was able to remember.

Too, we make reference to the precise language of our holding in *Renforth,* a case with similar facts. There, we held: "Failure of the judge to disqualify himself will not result in loss of jurisdiction ... if the party who raises the issue on appeal knew, or had reason to know, of the relationship prior to the time final judgment was entered." 383 N.E.2d at 372. At a minimum, Southwood's counsel had reason to know of Judge Dietsch's alleged relationship with Dr. Carlson prior to entry of judgment against his client. Thus, we conclude that Southwood has waived any objection.

## II.

### *Summary Judgment*

■ Next, Southwood argues that the trial court improperly granted summary judgment to the Health Care Providers. Southwood contends that his designated evidence reveals a genuine issue of material fact, thereby precluding summary judgment. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter,* 596 N.E.2d 1369, 1371 (Ind.1992). At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

■ When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the non-moving party. *Reed v. Luzny,* 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994), *reh. denied, trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

■ Dr. Bhatt filed and served her motion for summary judgment on May 30, 1996, Dr. Carlson and Evansville Surgical Associates filed and served their motion on July 9, 1996, and Deaconess Hospital filed and served its motion on July 26, 1996. In each instance, the defendants designated a unanimous opinion by a medical review panel indicating that the treatment provided by each defendant had not fallen below the applicable standard of care. "In medical malpractice cases, it is well-established that when the medical review panel opines that the plaintiff has failed to make a prima facie case, she must then come forward with expert medical testimony to rebut the panel's opinion in order to survive summary judgment." *Brown v. Banta,* 682 N.E.2d 582, 584 (Ind.Ct.App.1997), *trans. denied.* Thus, the question here is whether Southwood designated expert medical testimony to rebut the medical review panel's opinion.

■ On September 9, 1996, Southwood filed his response to the Health Care Providers' motions for summary judgment. In that response, Southwood included affidavits from three doctors who expressed opinions that the treatment provided by the Health Care Providers had indeed fallen below the applicable standard of care. However, the trial court properly disregarded these affidavits because Southwood failed to comply with the time requirements of T.R. 56(C).

T.R. 56(C) requires the non-moving party to respond to a motion for summary judgment within thirty days after service. This response must include the non-movant's designation of evidence in opposition to the mo-

tion. T.R. 56(C). Here, the last summary judgment motion was filed and served on July 26, 1996 by Deaconess Hospital. Southwood responded to all three motions for the first time on September 9, 1996, the same day as the hearing on the Health Care Providers' motions. Southwood's response and designation of evidence was not made within thirty days of service of the summary judgment motions.

In *Seufert v. RWB Medical Income Properties I Ltd. Partnership*, 649 N.E.2d 1070 (Ind.Ct.App.1995), we considered a similar set of facts. Seufert filed suit against RWB, and RWB subsequently filed a motion for summary judgment. Seufert did not file a response to this motion within thirty days. On the day of the summary judgment hearing, which was held approximately two months after RWB filed its motion, Seufert requested a continuance. The trial court denied the continuance and entered summary judgment in favor of RWB because Seufert had not designated any evidence raising a genuine issue of material fact.

Like Southwood, Seufert argued on appeal that it was within the trial court's discretion to alter any time limits found within T.R. 56. Reviewing T.R. 56, we held:

> T.R. 56 requires an adverse party to respond within 30 days by either (1) filing affidavits showing issues of material fact, (2) filing his own affidavit indicating why the facts necessary to justify his opposition are unavailable, or (3) requesting an extension of time in which to file his response.

*Id.* at 1073. Because Seufert did not provide a response or request an extension within thirty days, we held that the trial court correctly entered summary judgment against Seufert, considering only the evidence designated by RWB.

Southwood did not respond to the Health Care Providers' motions within thirty days. Nor did he request an extension or otherwise explain his delay in providing a response to the trial court. Accordingly, the trial court acted appropriately by refusing to consider the affidavits designated by Southwood. The trial court correctly entered summary judgment in favor of the Health Care Providers.

Affirmed.

RUCKER, J., and HOFFMAN, Senior Judge, concur.