**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 25 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JESSE CLEMENTS**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**DAVINA L CURRY**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JESSE CLEMENTS, | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| vs. | ) No. 49A05-1105-PL-257 & |
| | ) 49A04-1201-PL-9 |
| RALPH ALBERS, | ) |
| | ) |
| Appellee-Defendant. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Timothy W. Oakes, Judge
Cause No. 49D13-0710-PL-46451

**June 25, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Jesse Clements appeals the trial court's judgment in favor of Ralph Albers. We affirm in part and remand in part.

**Issues**

Clements raises a number of issues, but we find the following restated issues to be dispositive:

I. whether the trial court erred in entering an award of damages in favor of Albers on Albers's counterclaim;

II. whether the trial court properly dismissed Clements's motion for relief from judgment regarding the trial court's earlier award of attorney fees to Albers's attorney; and

III. whether the trial court properly denied Clements's two motions for recusal.

**Facts**

On October 29, 2007, Clements filed suit against Albers. Clements sought damages from Albers for various claims related to Clements's offer to perform roofing work on Albers's residence. The case originally was referred to mediation, which proved fruitless.

On July 1, 2009, Clements amended his complaint. On July 30, 2009, Albers filed his answer to this amended complaint and also asserted a counterclaim against Clements. The counterclaim alleged that Clements had engaged in deceptive consumer sales and that Albers was entitled to "remedies and penalties" available under the statutes relating

2

to deceptive consumer sales. App. 147. The counterclaim also alleged that Albers was "entitled to damages under I.C. 34-24-3" and that he was "entitled to damages under I.C. 34-52-1 because Clements [sic] Complaint is frivolous and groundless." Id. at 147-48.

On August 17, 2009, Albers filed a motion to compel discovery. The trial court granted this motion on August 24, 2009, and scheduled a hearing for September 21, 2009, to determine the amount of attorney fees and expenses Albers incurred for bringing the motion to compel. Clements did not appear at the September 21, 2009 hearing because he was apparently in Florida on that date, although he had notice of the hearing. Albers's attorney submitted an attorney fees affidavit at this hearing. At the conclusion of the hearing, the trial court signed a proposed order prepared by Albers's attorney, granting the motion to compel and finding Albers had incurred $1,145 in attorney fees and expenses related to the motion and ordering Clements to pay that amount within thirty days. Clements filed an interlocutory appeal from this order. This court held that Clements waived his arguments regarding the sufficiency of Albers's attorney's fee affidavit by failing to appear at the hearing, and we affirmed. Clements v. Albers, No. 49A02-0910-CV-1033, slip op. at 9 (Ind. Ct. App. May 5, 2010). We also stated, "we remand for a hearing on the expenses to which Albers is entitled for successfully defending his motion to compel on appeal." Id.

After certification of our opinion and remand to the trial court, Albers filed a Motion for Award of Sanctions with the trial court on July 27, 2010, asserting that he had incurred attorney fees of $3,645 and expenses of $220.08 associated with the appeal, and

3

that interest in the amount of $61.06 had accrued on the original sanctions award. On August 19, 2010, without conducting a hearing on the matter, the trial court entered an order requiring Clements to pay $5,071.14 to Albers's attorney by September 3, 2010 or to face dismissal of his complaint. The $5,071.14 included the original sanctions award, plus the fees and expenses awarded after remand.

On September 8, 2010, after Clements failed to pay the $5,071.14, Albers filed a motion to dismiss Clements's complaint, to enter default judgment in Albers's favor on his counterclaim, and to reduce the prior award of $5,071.14 to a money judgment in favor of Albers's attorney. On October 7, 2010, the trial court signed the following proposed order that had been submitted by Albers's attorney:

> IT IS THEREFORE ORDERED ADJUDGED AND DECREED that Plaintiff, Jesse Clements' Complaint is dismissed with prejudice due to Plaintiff's continual noncompliance with this Court's orders.
>
> * * * * *
>
> IT IS FURTHER ORDERED that an award of attorney's fees in the amount of $5,071.14, plus interest, is hereby reduced to a money judgment against Jesse Clements in favor of the Curry Law Firm, LLC . . . .

App. pp. 82-83. Another full another paragraph was crossed out in the proposed order that read:

> IT IS FURTHER ORDERED ADJUDGED AND DECREED THAT Judgment is entered in favor of Albers and against Jesse Clements on Albers' Counterclaim. The Court sets this matter for hearing on Albers' damages for the ____ day of ____, 2010 at ____ (A.M./P.M.)

4

Id. at 82.  The CCS for October 7, 2010 likewise reveals only that the trial court "approve[d] order on defendants motion to dismiss and to reduce award of attorneys fees to money judgment."  Id. at 13.  The CCS does not indicate that judgment in Albers's favor on his counterclaim had been granted on this or any other date.[1]

On November 29, 2010, Albers filed a "Motion to Clarify and Set Matter for Hearing on Damages."  Id. at 324.  In this motion, Albers stated, "On October 7, 2010, this Honorable Court granted Defendant's Motion in all respects, but crossed out that portion of the Order setting Albers' damages claim for hearing."  Id.  It then proceeded to request that the trial court "enter an order setting Albers' counterclaim for hearing on damages, and for all other relief just and proper in the premises."  Id. at 325.  However, the trial court did not enter judgment on Albers's counterclaim on October 7, 2010, or on any other date as far as we can ascertain by the record and the CCS.

The trial court eventually scheduled a damages hearing for March 8, 2011.  At this hearing, Clements requested a continuance, which was granted.  The hearing was rescheduled for March 22, 2011.  In the interim, Clements and Albers filed competing motions regarding the validity of the October 7, 2010 order, with Clements seeking to have that order set aside.  The trial court refused to set aside the October 7, 2010 order, and it proceeded to conduct a hearing on damages on March 22, 2011.  At this hearing,

---

[1] Albers contends that the trial court held a hearing on September 21, 2010, before entering this order, at which Clements failed to appear.  That is incorrect.  The CCS fails to reveal that any hearing was held on that date, or was ever held with respect to this motion.  Albers appears to be referring to the hearing on September 21, 2009, which addressed the motion to compel discovery that was the subject of the first appeal.

5

Albers testified and presented evidence regarding having incurred $8,248.90 in attorney fees in defending against Clements's lawsuit, in addition to the $5,071.14 in fees that had been reduced to judgment in the October 7, 2010 order.

On March 24, 2011, the trial court entered judgment in favor of Albers in the amount of $8,248.90.[2] On April 25, 2011, Clements filed a motion to correct error and a motion requesting recusal of the trial judge. The recusal motion alleged that the trial judge was biased against Clements. The motion also made allegations that the trial judge appeared to be intoxicated at the March 22, 2011 hearing, made allegations regarding the judge's conduct before becoming a judge, and generally attacked Marion County's party slating method of electing trial judges. On April 26, 2011, the trial court denied the motion to correct error and recusal motion. Clements filed a second motion for recusal on May 20, 2011, which the trial court also denied.

Clements filed a notice of appeal on May 26, 2011, seeking to challenge the $8,248.90 judgment of March 24, 2011, as well as denial of the motion to correct error and denial of the recusal motions. The trial court clerk completed the clerk's record for this appeal on June 27, 2011.

On October 7, 2011, Clements filed a Trial Rule 60(B) motion for relief from judgment, specifically challenging the October 7, 2010 trial court ruling and judgment of $5,071.14 in attorney fees against Clements. Clements did not seek leave of this court

---

[2] The trial court's order for this date also confusingly states that the hearing scheduled for March 22, 2011 had been vacated, per Albers's request, but it is apparent that a hearing was in fact held on that date.

6

before filing this motion.  On November 7, 2011, the trial court dismissed the motion for relief from judgment per Albers's request.[3]  Clements filed a second notice of appeal from the trial court's dismissal of his motion for relief from judgment and has separately briefed it.  We have exercised our discretion to issue one opinion addressing both appeals.

## Analysis

### I. Albers's Counterclaim

We first address the trial court's award of damages on Albers's counterclaim against Clements.  Clements makes a number of arguments regarding the validity of the award, including the amount of the award, that Albers was not substantively entitled to default judgment on the counterclaim for a number of reasons, and that, in fact, there is no record of the trial court ever having actually entered a default judgment in favor of Albers on his counterclaim.

On appeal, Albers makes no counter-argument regarding the validity of the judgment on the counterclaim, aside from arguing as to the amount of the judgment.  On the substance underlying the judgment, Albers merely asserts that the trial court did in fact enter a default judgment on the counterclaim as a discovery santion.  As support for his claim that the trial court entered default judgment on the counterclaim, Albers cites pages eighty-two and eighty-three of the appendix submitted by Clements.  Those pages are the proposed order submitted by Albers and signed by the trial court on October 7,

---

[3] The trial court's order on this date states that it intended to award Albers attorney fees with respect to this motion, but the CCS indicates that at a later hearing, the trial court decided not to award such fees.

7

2010. Page eighty-two, however, clearly shows the entire paragraph regarding the counterclaim being crossed out by hand. Albers does not dispute the accuracy of the order as reflected in Clements's appendix. Moreover, there is no mention in the CCS of the trial court having ever entered default judgment on the counterclaim. Thus, the record does not indicate any entry of default judgment having been made on the counterclaim.

Albers also asserts Clements has waived any arguments as to the validity of the purported default judgment by failing to file a notice of appeal within thirty days of the October 7, 2010 order.[4] That order, however, aside from in fact not entering default judgment on the counterclaim, also clearly was not a final judgment. Even if it were true that the October 7, 2010 order entered judgment in Albers's favor on the counterclaim, it did not establish damages for that claim. A final judgment that must be appealed within thirty days is one that "'disposes of all claims as to all parties'" and leaves nothing for future determination. Georgos v. Jackson, 790 N.E.2d 448, 451 (Ind. 2003) (quoting Ind. Appellate Rule 2(H)). The October 7, 2010 order does not meet the final judgment criteria. Additionally, even if Clements could have filed an interlocutory appeal from that order, because it ordered the payment of money with respect to the $5,071.14 in attorney fees, Clements was not required to file such an appeal and he was entitled to wait until final judgment was entered before appealing. See id. at 452.

---

[4] Albers makes no other waiver arguments with respect to this issue.

8

It is impossible for us to address the validity of Clements's arguments regarding the purported default judgment when there is no record of any such judgment having been entered. In other words, it appears that in the October 7, 2010 order, the trial court was unwilling to enter judgment in Albers's favor on the counterclaim. Then, without explanation but at Albers's request, the trial court set a hearing to establish damages on it. We do not know if the trial court believed that damages on the counterclaim in Albers's favor was justified as a discovery sanction default judgment, or on the merits of Albers's claims regarding the home improvement statutes, or simply because Clements's entire lawsuit was frivolous and justified an award of attorney fees. Similarly, we cannot be certain whether we are reviewing a default judgment, or an ordinary judgment, or merely an award of attorney fees for defending against Clements's lawsuit, each of which would implicate a different standard of review for this court.

Particularly in the absence of any argument by Albers as to how or why we should affirm the award of damages on the counterclaim in the absence of an underlying judgment to support such an award, we believe it is appropriate to remand to the trial court to explain the basis upon which it entered damages in Albers's favor on the counterclaim. Alternatively, the trial court may vacate that award of damages and conduct further proceedings on the counterclaim if it was not the trial court's intent to

enter judgment in Albers's favor. In any event, the current state of the record does not support the award of damages on the counterclaim.[5]

## *II. Motion for Relief from Judgment*

Next, we address the trial court's dismissal of Clements's motion for relief from judgment under Indiana Trial Rule 60(B) that was filed after the clerk's record was completed upon Clements's first notice of appeal. This court acquires jurisdiction over a matter when the trial court clerk issues a notice of completion of the clerk's record following the filing of a notice of appeal. In re Guardianship of Hickman, 811 N.E.2d 843, 848 (Ind. Ct. App. 2004) (citing Ind. App. R. 8), trans. denied. Once this court acquires jurisdiction, a trial court no longer has jurisdiction to act upon the judgment until the appeal has been terminated. Id. "'This rule does not promote form over substance; it facilitates the orderly presentation and disposition of appeals and prevents the confusing and awkward situation of having the trial and appellate courts simultaneously reviewing the correctness of the judgment.'" Id. (quoting Donahue v. Watson, 413 N.E.2d 974, 976 (Ind. Ct. App. 1980)).

There are limited circumstances in which a trial court may act in a case, notwithstanding a pending appeal. Id. Namely, a trial court may perform ministerial tasks such as reassessing costs, correcting the record, or enforcing a judgment. Id. It also may proceed on matters that are entirely independent of subject of the appeal. Id. Additionally, a party may seek permission from this court to file a motion for relief from

---

[5] Clements does not challenge the trial court's dismissal of his complaint.

10

judgment under procedures outlined by our supreme court in <u>Logal v. Cruse</u>, 267 Ind. 83, 368 N.E.2d 235 (1977), <u>cert. denied</u>. <u>See</u> <u>Southwood v. Carlson</u>, 704 N.E.2d 163, 165 (Ind. Ct. App. 1999). Under <u>Logal</u>, a party who wishes to file a Trial Rule 60(B) motion after an appellate court has acquired jurisdiction over a matter must first file a verified petition with the appellate court seeking leave to file the motion. <u>Logal</u>, 267 Ind. at 86, 368 N.E.2d at 237. If the appellate court determines that the motion has sufficient merit, the case will be remanded to the trial court for consideration of the Trial Rule 60(B) motion and the appeal will be dismissed. <u>Id.</u>, 368 N.E.2d at 237. A new appeal may then be taken from the ruling on the Rule 60(B) motion that may also include issues raised in the original appeal. <u>Id.</u>, 368 N.E.2d at 237.

Clements did not follow the <u>Logal</u> procedure before filing his Rule 60(B) motion. That motion largely parallels arguments he made in filings before the trial court on March 15 and March 21, 2011, which claimed in part that Albers's attorney engaged in unethical and/or fraudulent conduct with respect to the $5,071.14 in attorney fees that was reduced to judgment in the October 7, 2010 order.[6] It is unclear to us why such arguments could not have been raised in the first appeal Clements filed. Rather, the filing for a motion for relief from judgment and a separate appeal from the dismissal of that motion would allow Clements to evade word limits for appellate briefs by engaging in piecemeal litigation

---

[6] The motion for relief from judgment also sought to set aside the September 21, 2009 order on the motion to compel discovery, the validity of which we addressed in the first appeal.

and filing multiple briefs on matters that could or should have been addressed in one brief.

We conclude the validity of the October 7, 2010 order is inextricably intertwined with, and not independent from, the final judgment of March 24, 2011. The trial court lacked jurisdiction to rule upon the validity of the October 7, 2010 order after the first appeal was initiated and the clerk's record filed. Thus, the trial court correctly dismissed Clements's motion for relief from judgment rather than issuing any ruling on the merits of that motion.

### III. Recusal

Because the issue may arise on remand, we address the trial court's denial of Clements's two motions for recusal.[7] We will reverse a trial judge's ruling on a motion to recuse only for an abuse of discretion. Bloomington Magazine, Inc. v. Kiang, 961 N.E.2d 61, 63 (Ind. Ct. App. 2012). "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it." Id. at 63-64. We will presume that the trial judge is unbiased. Id. at 64. An appellant must demonstrate actual personal bias in order to overcome that presumption. Id. Alternatively, recusal may be required based upon the mere appearance of bias and partiality if an objective person, knowledgeable of all the circumstances, would have a rational basis for doubting the judge's impartiality. Id. "Upon review of a judge's failure

---

[7] Clements references a third motion for recusal in his brief that was filed on October 15, 2009, according to the CCS. However, a copy of that motion is not before us in this appeal. We will address only the two later recusal motions.

12

to recuse, we will assume that a judge would have complied with the obligation to recuse had there been any reasonable question concerning impartiality, unless we discern circumstances which support a contrary conclusion." Id.

Clements's recusal motion of April 25, 2011, made a number of accusations against the trial judge. Some of these accusations relate to comments or rulings made by the trial judge during hearings, such as an alleged refusal by the trial judge to permit Clements to make an offer of proof. However, Clements has not provided this court with a transcript of any of the hearings below, except for the direct testimony of Albers at the March 22, 2011 hearing, which does not contain any of the alleged improper comments or oral rulings. Any claims of bias related to comments that could have been transcribed and transmitted to this court are waived. See Center Townhouse Corp. v. City of Mishawaka, 882 N.E.2d 762, 769 (Ind. Ct. App. 2008), trans. denied.

The first recusal motion also made allegations that the trial judge treated Clements, as a pro se litigant, differently from Albers, who was represented by counsel, as reflected in the manner in which it ruled on motions filed by Albers versus motions filed by Clements. Generally, however, adverse rulings are not enough to demonstrate judicial bias. Hite v. Haase, 729 N.E.2d 170, 176 (Ind. Ct. App. 2000). The trial judge's rulings in this matter do not demonstrate the existence of bias on his part.

Clements's first recusal motion also made a number of accusations against the trial judge related to his personal conduct before taking office and against the method by which trial judges are selected in Marion County. He also alleged that the trial judge

13

appeared to be intoxicated at the time of the March 22, 2011 hearing and was generally guilty of "laziness." App. p. 169. As for the first two matters, they are irrelevant at this time. The trial judge was elected to the bench in the manner prescribed by law, he is a member of the Indiana bar, and he has not been found unfit to be a judge by the Judicial Qualifications Commission. As for the matter of the trial judge's alleged intoxication and laziness, the judge clearly was not required to agree with Clements's accusations and there is nothing in the record that supports such allegations aside from Clements's self-serving statements. In sum, we cannot say the trial judge abused his discretion in denying Clements's first recusal motion or that Clements has overcome the presumption that the judge is unbiased.

In denying Clements's first recusal motion, the trial court evidently cited Advisory Opinion 3-07 that has been issued by the Judicial Qualifications Commission.[8] This opinion states in part:

> The issue is whether a judge should disqualify from a case involving a litigant who files a disciplinary complaint or a lawsuit against the judge or who publicly criticizes or attacks the judge through fliers, websites, blogs, or other written material.
>
> Many judges, understandably, are concerned about the perceived fairness of their decisions when a litigant publicly has criticized the judge; however, in the Commission's view, judges should recuse from those cases only if the judge has developed an actual bias against the litigant or where the litigant's allegations have some factual basis for a conclusion

---

[8] A copy of the actual order denying recusal is not in the record before us; for the sake of argument, we will assume that the trial judge cited this advisory opinion.

14

that the judge acted inappropriately in the litigant's case or cannot reasonably be perceived as fair. . . .

\* \* \* \* \*

More and more commonly, . . . judges with no valid reason to consider recusal become the subjects of unfounded or frivolous complaints, lawsuits challenging the merits of their decisions, or publicly disseminated personal attacks. A litigant <u>creates</u> the dispute with the judge, then demands recusal on the basis the judge cannot rule fairly. Sometimes, the judge automatically disqualifies without a request. Recusal in these cases not only is unnecessary, it facilitates forum shopping, is unfair to the other parties in the case, and creates a burden for the next judge, who likely will "meet the same fate." . . . .

\* \* \* \* \*

. . . . The mere fact that a litigant has targeted the judge in some way is not sufficient to create a reasonable perception that the judge cannot proceed impartially. Judges are accustomed to ruling fairly in adverse situations and should not allow themselves to be manipulated or antagonized into recusal.

Ind. Commission on Judicial Qualifications, Advisory Opinion 3-07, http://www.in.gov/judiciary/jud-qual/files/jud-qual-adops-3-07.pdf (last visited May 25, 2012).

The trial judge's citation to this advisory opinion prompted Clements's second recusal motion of May 20, 2011. Specifically, Clements argued that it was "unreasonable, capricious, arbitrary, lawless and/or unconscionable" for the trial judge to rely on this opinion because there was no evidence Clements has "publicly criticize[d] or attack[ed] the judge through fliers, websites, blogs, or other written material." App. p.

15

190. Clements asserts the trial judge must have engaged in ex parte communications with someone who (falsely) told the judge that Clements was engaging in public criticism or attacks of the judge.

We disagree. The trial judge's reliance upon this advisory opinion does not necessarily demonstrate that the judge believed Clements was "publicly" attacking him in a format described in that opinion. Rather, the general principles behind the advisory opinion were invoked when Clements, in his April 25, 2011 recusal motion, made a number of inflammatory accusations against the judge. Even if the first recusal motion would not constitute a "public" attack on the trial judge, a question we need not resolve, it does personally attack the judge in very vituperative ways. We cannot say the trial judge erred in looking to this advisory opinion, which gives guidance on how judges should proceed once they find themselves the target of personal attacks by a litigant. The opinion advises against judges recusing themselves in cases where a litigant targets a judge for personal attacks unless actual bias arises, and the judge followed that advice here. We see no abuse of discretion in the trial court's denial of Clements's second recusal motion.

## Conclusion

We remand for the trial court either to provide further explanation for the basis upon which damages were awarded on Albers's counterclaim or to conduct further proceedings upon it. We affirm the trial court's dismissal of Clements's Trial Rule 60(B) motion for relief from judgment and its denial of his motions for recusal.

16

Affirmed in part and remanded in part.

BAKER, J., and BROWN, J., concur.