**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**C. WARREN NERZ**
Nerz Walterman, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**MARILYN R. RATLIFF**
**KAY L. PECHIN**
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK VAN EATON and CYNTHIA VAN EATON VALLIMONT, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | No. 42A01-1111-MF-535 |
| | ) | |
| GERMAN AMERICAN BANCORP, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE KNOX SUPERIOR COURT
The Honorable W. Timothy Crowley, Judge
Cause No. 42D01-1105-MF-13

**August 17, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Mark Van Eaton and Cynthia Van Eaton Vallimont ("the Appellants") appeal the trial court's order granting German American Bancorp's ("GAB") motion to sell real estate. We reverse and remand.

**Issue**

The Appellants raise one issue on appeal, which we restate as whether the trial court abused its discretion by granting GAB's motion to sell real estate.

**Facts**

In August 2006, Seventy-Six, LLC, borrowed $1.5 million from GAB and secured the loan with a mortgage on commercial real estate located at 2601 and 2603 Hart Street, Vincennes ("the Property"). At the time the loan was issued, Seventy-Six was owned by David Van Eaton ("David") and his wife, Gloria Van Eaton. In 2007, however, their interests in Seventy-Six were transferred in equal shares to their four children, Mark Van Eaton, Cynthia Van Eaton Vallimont, Rebecca Van Eaton, and Deborah Van Eaton Ward.

The operating agreement of Seventy-Six named David as its manager, and it requires a seventy-five percent majority vote in order to take certain actions, including selection of a new manager to whom owners may delegate authority. David passed away in December 2011. Since then, it appears from the record that the four owners of Seventy-Six have been unable to agree on a new manager to take over the day-to-day activities of the company.

2

The underlying foreclosure action was filed in May 2011. In June 2011, BDE Farms, LLC, offered $900,000 for the Property, and GAB thereafter moved for the appointment of a receiver for the purpose of accepting BDE Farms's offer.

Pursuant to Indiana Trial Rule 19(A), the Appellants filed a motion for joinder of persons needed for just adjudication, and the trial court ordered them joined as defendants. After a hearing, the trial court appointed a receiver and limited the receiver's authority in its order: "The Receiver is authorized and directed to accept the presently pending offer to purchase the Receivership property from BDE Farms, LLC, for the sum of $900,000. . . ." and "other than as set out above, and without further order of this court, other than as necessary to comply with the conditions precedent to the obligations of BDE Farms, LLC, to purchase the property. . . .[T]he Receiver shall have no authority to do any acts in connection with the Receivership property. . . ." Appellant's App. p. 5.

The Appellants, each twenty-five percent owners of Seventy-Six, filed an interlocutory appeal of the trial court's decision, raising the issue of whether the trial court abused its discretion in appointing a receiver for the purpose of selling the real estate at issue in the underlying foreclosure action. In a decision that was handed down June 6, 2012, we concluded that the trial court could properly appoint a receiver over the Property, but the trial court erred by giving the receiver the authority to sell the Property at a private sale before a sheriff's sale could take place. See Van Eaton, et al v. German American Bancorp, No. 42A01-1108-MF-434, slip op. at 1 (Ind. Ct. App. June 6, 2012). We remanded with instructions to amend the receivership order. Id. at 4. On September

3

13, 2011, while the case was on appeal to our court, GAB filed a motion to sell real estate. Rebecca and Deborah have agreed to the sale. On October 25, 2011, the trial court entered its order approving GAB's joint motion to sell real estate, which gave the receiver the ability to sell the Property to BDE Farms for $900,000. The Appellants now appeal that order.

**Analysis**

The Appellants argue that the trial court abused its discretion by granting GAB's motion to sell real estate. First, we note that the trial court had no jurisdiction in this case at the time it granted GAB's motion. An appellate court acquires jurisdiction over a matter on the date the completion of the clerk's record is noted in the chronological case summary. Ind. Appellate Rule 8. "Once an appeal has been perfected to the Court of Appeals or the Supreme Court, the trial court has no further jurisdiction to act upon the judgment appealed from until the appeal has been terminated." Schumacher v. Radiomaha, 619 N.E.2d 271,273 (Ind. 1993). "The rule does not promote form over substance; it facilitates the orderly presentation and disposition of appeals and prevents the confusing and awkward situation of having the trial and appellate courts simultaneously reviewing the correctness of the judgment." Donahue v. Watson, 413 N.E.2d 974, 976 (Ind. Ct. App. 1980).

Here, the trial court lost jurisdiction when the notice of completion of the clerk's record was filed on September 29, 2011. However, the trial court granted the motion on October 25, 2011. The trial court's ability to order sale of the real estate was clearly

4

dependent upon findings that were at issue on appeal. Thus, the trial court ruled on GAB's motion to sell real estate when it had no jurisdiction over the matter. The trial court erred in its granting of GAB's motion, and the lack of jurisdiction is dispositive in this appeal.

Even if the trial court retained jurisdiction, its decision would still be in error. In this second appeal, it is clearly apparent in light of our decision in the first appeal that the trial court erred by granting GAB's motion to sell real estate through a private agreement. The Appellants' statutory right of redemption entitles them to a public sheriff's sale in this foreclosure action. Wells Fargo Bank, N.A. v. Tippecanoe Assoc. LLC, 923 N.E.2d 423 (Ind. Ct. App. 2010), trans. denied. Also, even if Rebecca and Deborah have agreed to this sale, the Seventy-Six operating agreement requires a seventy-five percent majority-or three of the four Van Eaton children-to agree on the terms. Mark and Cynthia did not agree to the sale.

Both parties also continue to argue about the validity of the trial court's appointment of a receiver. A second analysis of the trial court's decision to appoint a receiver is unnecessary. As previously determined in the initial appeal, the trial court properly appointed a receiver but erred by granting him the authority to sell the real estate privately prior to a sheriff's sale. See Van Eaton, slip op. at 2. Similarly, the trial court erred by granting GAB's motion to sell the real estate, which gave the receiver the ability to sell the property to BDE Farms.

5

## Conclusion

The trial court erred by granting GAB's motion to sell real estate. Therefore, we reverse and remand to the trial court.

Reversed and remanded.

FRIEDLANDER, J., and MAY, J., concur.