RUCKER, J.,
dissenting.
I agree with Justice Boehm that "the facts in the aggregate support the conclusion that Mr. Tharp first recklessly or knowingly made false statements to a private citizen and then knowingly repeated false allegations to law enforcement officers." Op. at 771, (Boehm, J., dissenting). And I do so largely for the reasons Justice Boehm articulates. I write separately however to underscore events occurring after the trial court entered summary judgment in this case and after the plaintiffs filed their notice of appeal that seem to undermine completely Tharp's claim of qualified privilege. On June 2, 2008, Tharp pleaded guilty to three offenses arising out of his employment at Papa John's, one of which was the offense of faise reporting. The following excerpts from Tharp's guilty plea hearing are instructive:
Q. [Trial Court] Count 2 is false crime reporting. And it states in Count 2 that on or about, February 19th, Kelly Eugene Tharp, did give a false report of the commission of a crime, to-wit: male with gun inside of Papa John's Pizza knowing the report to be false. Do you understand the allegations contained in those charging information[s], Sir?
A. [Tharp] I do, Judge.
Tr. at 8. (emphasis added)
Q. [Trial Court] Do you understand that when you enter a plea of guilty, you are admitting the material facts that I just read to you?
A. [Tharp] Yes, Sir.
Tr. at 9.
tok k
Q. [Trial Court] How do you plead to Count 2, false [reporting] of B Misdemeanor.
A. [Tharp] I plead guilty.
Tr. at 15.
The majority certainly has acted within its discretion in denying plaintiffs' petition for leave to file a Trial Rule 60(B) motion for relief from judgment, see op. at 770-71 n. 7, which would effectively end this appeal. See Logal v. Cruse, 267 Ind. 83, 368 N.E.2d 235, 237 (1977) (holding that during the pendency of an appeal a party seeking *773 to file a T.R. 60(B) motion must file a verified petition with the appellate court seeking leave to file the motion. "If the appellate court determines that the motion has sufficient merit, ... it will remand the entire case to the trial court for plenary consideration of the 60(B) grounds. Such remand order will terminate the appeal...."). Nonetheless, despite the procedural irregularity of plaintiffs waiting until after oral argument to seek leave to file their petition, this Court should not, in effect, turn a blind eye to evidence that stands at the very heart of this litigation, namely whether Tharp's statements were made without belief or grounds for belief in their truth. His admissions by way of a guilty plea certainly seem to put the matter to rest. At an absolute minimum Tharp's admissions raise a genuine issue of material fact on the issue. In light of what fairly may be characterized as newly discovered evidence surfacing after the trial court entered summary judgment in Tharp's favor, this Court at the very least should reverse the trial court's judgment and remand this cause for further proceedings. For this additional reason I respectfully dissent.