**STATE FARM FIRE & CASUALTY CO., Appellant,**

v.

**Joseph Martin RADCLIFF, et al., Appellees.**

No. 29A04–1111–CT–571.

Supreme Court of Indiana.

Sept. 5, 2012.

*PUBLISHED ORDER*

Appellant, State Farm Fire & Casualty Company, by counsel, has filed a Motion to Direct Clerk to File Appellant's Petition to Transfer ("Motion To Direct") and has tendered its transfer petition. The Appellees have filed their response asking this Court to deny Appellant's Motion to Direct.

Based on the parties' submissions, the Court finds as follows. Appellant initiated this appeal in the Court of Appeals. One week before its opening brief was due to be filed, Appellant filed a verified motion to remand to the trial court pursuant to Indiana Appellate Rule 37 and the procedure outlined in *Logal v. Cruse*, 267 Ind. 83, 368 N.E.2d 235 (1977). Appellant sought a remand that would allow the trial court to address Appellant's motion for relief under Trial Rule 60(B). On July 13, 2012, the Court of Appeals denied Appellant's motion for remand, and it later granted Appellees an extension of time to file their brief, to and including September 11, 2012.

On August 10, 2012, Appellant tendered a petition to transfer, which the Clerk of this Court refused for filing.

Appellant argues it has a right to petition for transfer of the Court of Appeals' order denying Appellant's motion to remand. Appellant relies on language in *Logal* that provided a procedure for requesting a remand and stated, "If the appellate court denies the application for remand, that ruling may be assigned as grounds for rehearing and, where appropriate, transfer." 267 Ind. at 87, 368 N.E.2d at 237.

When *Logal* was decided thirty-five years ago, our transfer rule referred to transfer being sought from a "decision" of the Court of Appeals. *See* Ind. Appellate Rule 11 (1977). Since then, the transfer

rule has been amended several times. These amendments have narrowed the type of decision that may be the subject of a transfer petition. Now, the transfer rule reads, in relevant part:

**B. Decisions From Which Transfer May be Sought.** Transfer may be sought from adverse decisions issued by the Court of Appeals in the following form:

(1) a published opinion;

(2) a not-for-publication memorandum decision;

(3) any amendment or modification of a published opinion or a not-for-publication memorandum decision; and

(4) an order dismissing an appeal.

Any other order by the Court of Appeals, including an order denying a motion for interlocutory appeal under Rule 14(B) or 14(C) and an order declining to authorize the filing of a successive petition for post conviction relief, shall not be considered an adverse decision for the purpose of petitioning to transfer, regardless of whether rehearing by the Court of Appeals was sought.

Ind. Appellate Rule 57(B) (2012).

Thus, notwithstanding the language in *Logal,* the current transfer rule, Appellate Rule 57(B), precludes Appellant from filing its transfer petition because the Court of Appeals has not issued an "adverse decision" in one of the four enumerated forms listed in that rule.

Accordingly, the Court DENIES Appellant's Motion to Direct and instructs the Clerk of this Court to return the transfer petition and all copies of it to Appellant's counsel.

The Court further DIRECTS the Clerk to post a copy of this order on the Court's website and to send a copy of this Order to all counsel of record, to LexisNexis, and to Thomson/Reuters for publication on-line and in the bound volumes of this Court's decisions.

All Justices concur.