# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ALEX R. VOILS, JR.**
Zionsville, Indiana

ATTORNEY FOR APPELLEE:

**ARVIN R. FOLAND**
Arvin R. Foland & Associates
Noblesville, Indiana

FILED

Apr 24 2012, 8:56 am

CLERK
of the supreme court,
court of appeals and
tax court

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GEORGE CLEMENTS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  06A04-1106-MI-282 |
| | ) | |
| KIMBERLY HALL and | ) | |
| STANLEY HARMON, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BOONE SUPERIOR COURT
The Honorable Matthew C. Kincaid, Judge
Cause No. 06D01-1008-MI-508

**April 24, 2012**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

George Clements ("Clements") filed a motion for relief from judgment requesting the trial court set aside summary judgment granted in favor of Kimberly Hall and Stanley Harmon in a dispute over real property. The trial court denied Clements's motion. Clements raises two issues for our review, one of which we find dispositive: whether the trial court erred in denying Clements's motion for relief from judgment. Concluding the trial court's denial of Clements's motion for relief from judgment was in error because Hall and Harmon's attorney knew Clements was represented by counsel and failed to serve notice of the motion for summary judgment, we reverse and remand for further proceedings.

## Facts and Procedural History

In 2006, Arthur and Mary Lou Clements executed a revocable living trust, naming Hall as the executor and successor trustee. The 2006 trust divided certain property, including the real property here at issue, as follows: thirty-five percent to Hall; twenty-five percent to Harmon; twenty-five percent to Clements; and five percent each to First Community Church, Boone County Senior Services, and Cancer Fund of Boone County. Mary Lou and Arthur subsequently passed away in 2006 and 2008, respectively. In July 2010, Clements filed a Personal Representative's Deed as Executor of the Estate of Arthur Clements, deeding real property ("the Property") to himself for ten dollars. In August, Hall and Harmon's attorney, Arvin Foland, filed an appearance and claim for quiet title, constructive trust, and partition of the Property, contending the Personal Representative's Deed filed by Clements was improper and requesting it be deemed a cloud upon the title to the Property. Further, they argued the

2

Property should be held in constructive trust until it could be sold, at which time the proceeds should be divided pursuant to the 2006 trust of Arthur and Mary Lou Clements.

The following day, Clements signed a return receipt on certified mail. In December 2010, Hall and Harmon filed a motion for summary judgment, along with a designation of documents and affidavit of attorney's fees. The motion certified service to Charles W. Ritz, III, the attorney for Boone County Senior Services. On February 4, 2011, the trial court entered an order granting summary judgment for Hall and Harmon and disposing of the case. Nothing in the record indicates Clements or his attorney were served with the motion for summary judgment or received notice of any proceedings on said motion. See Appellant's Appendix at 1-2 (showing no indication of service in the chronological case summary); see also id. at 24 (revealing Hall and Harmon's motion for summary judgment certified service only upon Ritz).

Subsequently, in March 2011, Alex Voils filed an appearance and motion for pretrial conference on behalf of Clements. Clements then filed a motion for relief from judgment, contending Arthur Clements amended his trust to name George Clements as executor and trustee and neither George Clements nor his attorney ever received notice of Hall and Harmon's motion for summary judgment or the hearing held on their motion until they received a copy of the trial court's judgment on the motion. After a hearing on Clements's motion for relief from judgment, the trial court denied his motion. Clements now appeals.

Discussion and Decision

I. Standard of Review

We review a trial court's grant or denial of a motion for relief from judgment under an abuse of discretion standard of review. Beike v. Beike, 805 N.E.2d 1265, 1267 (Ind. Ct. App. 2004). An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effects of the facts and circumstances supporting the motion for relief. Id. We do not reweigh evidence in reviewing the denial of a motion for relief from judgment. Id.

II. Clements's Motion for Relief from Judgment

Clements argues the trial court abused its discretion in denying his motion for relief from judgment, which requested the trial court set aside its previously granted summary judgment motion in favor of Hall and Harmon and allow Clements an opportunity to respond to the motion for summary judgment and participate in a hearing on the motion. He contends neither he nor his attorney received notice of the motion for summary judgment or subsequent hearing until he obtained a copy of the trial court's judgment on the motion. Hall and Harmon contend Clements was served with their claim for quiet title, constructive trust, and partition of the Property, and an appearance was not entered by Clements or on his behalf until after the trial court's judgment granting Hall and Harmon's motion for summary judgment. Further, Hall and Harmon contend Clements's attorney, Voils, discussed the claim with their attorney, Foland, who informed Voils they would be pursuing summary judgment. They do not contend Clements or Voils were served with the motion for summary judgment or in any way notified when it was filed.

4

Smith v. Johnston, 711 N.E.2d 1259 (Ind. 1999), is instructive in addressing Clements's contention. There, the plaintiff, Johnston, filed a proposed complaint with the Indiana Department of Insurance against Dr. Ray C. Smith and the Smith Surgical Group for medical malpractice in their treatment of Johnston's wife. Id. at 1261. After a medical review panel proceeding in which Smith was represented by Locke Reynolds, the panel determined Smith failed to comply with the appropriate standard of care. Subsequently, Johnston filed suit in the Marion Superior Court. Smith and Smith Surgical Group were served with the complaint. Johnston moved for default judgment approximately six weeks after filing the complaint with the trial court. Because Locke Reynolds had not yet filed an appearance on behalf of Smith, it was not served with the complaint or motion for default judgment. However, Johnston's attorney was well aware Smith was represented by counsel because Smith was represented during the medical review panel proceeding by Locke Reynolds. Further, after the panel's determination, Johnston's attorney sent Locke Reynolds a letter demanding a settlement amount equal to the insurance policy limit. Id.

The trial court granted the motion for default judgment and awarded damages. Id. Thereafter, an appearance was entered on behalf of Smith by Locke Reynolds, and Smith moved to set aside the default judgment. The trial court denied Smith's motion, and this court affirmed. Id. The supreme court reversed, however, agreeing with Smith that the default judgment should be set aside under Indiana Trial Rule 60(B)(3) as "misconduct of an adverse party." 711 N.E.2d at 1262-63. The court reasoned that while the Trial Rules might

5

not require notice to an attorney who has not filed his or her appearance in a case,[1] Rule 8.4(d) of the Rules of Professional Conduct prohibits attorneys from engaging in conduct that is prejudicial to the administration of justice. Id. at 1263. Thus, the court concluded, when an attorney seeking relief from the court has knowledge that the opposing party is represented by an attorney, a duty arises under the Rules of Professional Conduct to provide notice to the non-moving party's attorney, even where the said attorney has not yet filed an appearance. Id.

Here, Hall and Harmon's attorney, Foland, knew Clements was represented by an attorney. In an effort to argue Clements knew they were planning to move for summary judgment, Hall and Harmon state in their appellate brief that their attorney "had conversation with" Clements's attorney, Voils, advising Voils of their intent to pursue summary judgment. Brief of the Appellees at 6. Further, Hall and Harmon attached an affidavit to their objection to Clements's motion for relief from judgment in which Foland averred that "shortly after this case was filed, [he] advised Alex Voils that Plaintiffs intended to file a Motion for Summary Judgment as they believed the facts and law were with them in this case." Appellant's App. at 86. Thus, as in Johnston, although Voils had not yet filed an appearance, when Foland sought summary judgment relief from the court he was obligated to notify Voils of such pursuit and we therefore reverse the trial court's denial of Clements's motion for relief from judgment.

---

[1] Rule 5(B) provides, "Whenever a party is represented by an attorney of record, service shall be made upon such attorney unless service upon the party himself is ordered by the court." (emphasis added). Thus, the Trial Rules do not require service of a motion for default judgment, or a motion for summary judgment, to the non-moving party's attorney when said attorney has failed to appear.

Foland's effort to tell Voils of Hall and Harmon's intent to pursue summary judgment was a step in the right direction, but in light of our strict time requirements in summary judgment proceedings it falls short of satisfying Foland's obligation. The consequences of not being notified when an opposing party moves for summary judgment, and thus not knowing when the clock begins to run, can be significant. However, we are not excusing Voils's failure to enter an appearance; without Foland's knowledge of Voils's representation of Clements based on Foland's discussion with Voils, failing to notify Voils when Hall and Harmon moved for summary judgment would not have been prejudicial to the administration of justice because attorneys are generally obligated to appear.

## Conclusion

Pursuant to Johnston, we conclude Foland's knowledge that Clements was represented by Voils gave rise to an obligation to notify Voils when Hall and Harmon moved for summary judgment even though Voils had not yet filed an appearance. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BAILEY, J., and MATHIAS, J., concur.

7