**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANTS:

**MARY A. SLADE**
**WILLIAM E. KELLEY, JR.**
**SEAN T. DEVENNEY**
Drewry Simmons Vornehm, LLP
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**MICHAEL L. EINTERZ, JR.**
**MIKE EINTERZ**
Einterz & Einterz
Zionsville, Indiana



FILED
Jan 04 2013, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RORI PROPERTY HOLDINGS, LLC, et al., | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1204-PL-325 |
| | ) | |
| MCCULLOUGH CONSTRUCTION COMPANY, INC., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE HAMILTON CIRCUIT COURT
The Honorable Paul A. Felix, Judge
Cause No. 29C01-0807-PL-1248

**January 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

In this consolidated appeal from a foreclosure action, Rori Property Holdings, LLC, appeals the trial court's grant of summary judgment in favor of McCullough Construction Company, Inc., and the trial court's denial of Rori Property's motion for relief from judgment. Rori Property raises two issues for our review, which we restate as whether the trial court erred in granting judgment to McCullough Construction on its after-recorded mechanic's lien and whether the trial court erred in denying Rori Property's motion for relief from judgment. McCullough Construction raises the threshold issue of whether Rori Property's appeals are timely.

Concluding that Rori Property's notice of appeal as to the trial court's original judgment is untimely, we dismiss the appeal of that judgment. Although the notice of appeal as to the trial court's denial of its motion for relief from judgment is timely, the appeal from the motion for relief raises no new issues and is simply an attempt to circumvent the untimely appeal of the trial court's judgment, and we dismiss the appeal of that ruling, as well, affirming the judgment of the trial court.

## Facts and Procedural History

In 2004, Kobra Properties owned certain real estate in Hamilton County, Indiana (the "Property"). On April 16, 2004, several banks including Wells Fargo (collectively, the "Lenders") agreed to loan Kobra seventy-five million dollars, secured in part by a mortgage on the Property. The mortgage was recorded in May 2004. In July 2008, McCullough Construction executed and recorded a notice of mechanic's lien on the Property. On July 18,

2008, McCullough filed a complaint against Kobra seeking to foreclose on the Property. The Lenders were not named in the complaint. In October 2008, Wells Fargo filed a complaint to foreclose on three of Kobra's properties including the Property at issue. McCullough was not included as a party to Wells Fargo's complaint.

In November 2008, Kobra filed for bankruptcy. Wells Fargo obtained relief from the automatic stay, and Rori Property was named Wells Fargo's designee to hold the Property for Wells Fargo if it was the successful bidder at the sheriff's sale. Judgment was entered for Wells Fargo on its foreclosure complaint in the amount of $71,321,826. It was also ordered that after proceeds of the sale satisfied foreclosure sale costs, unpaid taxes, and the sums due Wells Fargo, any remaining balance was to be paid into the court for distribution to other lien holders. Wells Fargo was the successful bidder at the sheriff's sale and the Property was conveyed in April 2010 to Rori Property as Wells Fargo's designee to hold for the benefit of the Lenders.

In July 2010, McCullough Construction filed an amended complaint to foreclose its mechanic's lien naming Rori Property and Wells Fargo as additional parties. Rori Property answered the complaint and asserted a counterclaim for strict foreclosure of McCullough's interest.[1] At the request of Rori Property, the trial court ordered Rori Property to interplead the sum of $150,000 with the clerk of the court as collateral and McCullough Construction to

---

[1] Although it did not hinder our review given our resolution of this case on procedural grounds, we note that the table of contents to the appendix filed by Rori Property shows its answer appearing on page 62; the next entry in the table of contents is McCullough Construction's motion for summary judgment beginning on page 828. Appellate Rule 50(C) provides that the table of contents "shall specifically identify each item contained in the Appendix . . . ." Implicit in that directive is that the table of contents assist this court in finding the documents contained therein. If we had had need of any of the exhibits attached to Rori Property's answer, it would have been extremely burdensome to search through nearly 800 pages of the appendix.

release its mechanic's lien, the validity and priority of the parties' claims remaining to be determined. Both parties did as ordered.

The details of the procedural history from this point will be discussed in greater detail below, but briefly, both parties filed motions for summary judgment, and the trial court entered a judgment on March 19, 2012, in favor of McCullough Construction on its complaint and against Rori Property on its counterclaim for strict foreclosure. Rori Property filed a notice of appeal and also a motion for relief from judgment, alleging surprise and other equitable reasons for setting aside the judgment. The trial court denied the motion for relief from judgment and Rori Property filed a notice of appeal from that denial. The two appeals have been consolidated for consideration by this court.

<u>Discussion and Decision</u>

I. Appeal from Summary Judgment Order

On May 19, 2012, the trial court signed an order that granted judgment in favor of McCullough Construction and against Rori Property:

> IT IS HEREBY ORDERED ADJUDGED AND DECREED, that Judgment shall lie in favor of Plaintiff [McCullough Construction] and against Defendant [Rori Property], in the amount of $120,960.95, without relief from valuation and appraisement laws.
> IT IS FURTHER ORDERED ADJUDGED AND DECREED that, from the $150,000 having been interpled to the Court by [Rori Property] the funds shall be immediately distributed by the Clerk as follows:
> > a. Any fees incurred by the Clerk shall be reserved by the Clerk;
> > b. Costs of $136.00 shall be reimbursed to [McCullough Construction];
> > c. The sum of $120,960.95 shall be distributed to [McCullough Construction]; and
> > d. The remaining sum shall be distributed to [Rori Property].

4

IT IS FURTHER ORDERED ADJUDGED AND DECREED that strict foreclosure is not an appropriate remedy in this matter and Judgment is entered in favor of [McCullough Construction] and against [Rori Property] on the Counterclaim.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that upon the distribution of the funds by the Clerk as ordered above, the Clerk shall mark the judgment as satisfied.

This shall be a final judgment on all issues pursuant to Trial Rule 54.

Appendix to Brief of Appellants at 1171-72. The Chronological Case Summary ("CCS") shows the following entries:

03/20/2012  Order issued
                      *Judgment entered herein.*
                      Order Signed: 03/19/2012
03/26/2012  **Final Judgment entered** . . .
                      Status: Active; Signed Date: 03/19/2012
                      Awarded to: McCullough Construction Co Inc
                      Awarded against: Rori Property Holdings
                      Judgment: $120,960.95
                      . . .
                      Comment: file marked 3-19-12

Id. at 6-7 (emphases in original). Rori Property filed a Notice of Appeal from this order with the clerk of this court on April 24, 2012.

McCullough Construction contends the Notice of Appeal was untimely. Indiana Appellate Rule 9(A)(1) provides: "A party initiates an appeal by filing a Notice of Appeal with the Clerk . . . within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." The phrase "is noted in the Chronological Case Summary" was added to Rule 9 effective January 1, 2012. The parties disagree about the date the final judgment was noted in the CCS.[2] McCullough Construction contends the final judgment in

_____

[2] McCullough Construction filed in this court a Motion for Involuntary Dismissal of Appeal alleging the Notice of Appeal was untimely and Rori Property filed a response. Although our motions panel denied

this case was first noted in the CCS on March 20, 2012; Rori Property claims it was noted in the CCS on March 26, 2012.

No case has yet specifically addressed what it means to be "noted in the Chronological Case Summary." In Waldrip v. Waldrip, 976 N.E.2d 102 (Ind. Ct. App. 2012), however, the date of entry of orders on the CCS played into our consideration of whether an appeal was timely. The appellant filed a complaint raising claims against three parties – his ex-wife, Monroe County, and the City of Bloomington; two of the parties filed motions to dismiss and the third filed a motion for judgment on the pleadings. On June 22, 2011, the trial court signed three separate orders granting each of those motions. The CCS contained a June 27, 2011 entry that Bloomington's motion had been granted and a June 28, 2011 entry that Monroe County's motion had been granted, but contained no mention of the disposition of the ex-wife's motion. On November 23, 2011, the appellant filed a request for court action alleging that it was unclear to him which motions had been ruled upon and which had not. On November 29, 2011, the trial court issued a notice entitled "clerical mistake corrected," noting that all three motions had been granted on June 22, 2011. The appellant filed a motion to correct error on December 28, 2011, apparently addressing his claims against all three defendants. After a hearing, the trial court denied the motion and the appellant then filed his notice of appeal within thirty days. Monroe County asserted in its response to the motion to

---

McCullough Construction's motion and although we are reluctant to overrule orders decided by the motions panel, it is within our authority to reconsider any decision while an appeal remains pending. Neu v. Gibson, 968 N.E.2d 262, 270 (Ind. Ct. App. 2012). McCullough Construction has raised the issue again in its brief and we reconsider it here. We note that because Rori Property has not responded in its reply brief to this issue, we take its arguments and position from the response filed to the initial motion.

6

correct error and again in its appellate brief that the appellant's December 2011 motion to correct error was untimely because the final judgment was entered in June 2011. Although the trial court signed all three orders in June 2011, only two of the orders were contemporaneously noted in the CCS. We held that there was no final judgment until the trial court entered a ruling in the CCS on the third motion[3] because "[i]t was only at that time that there was a final judgment against [appellant] that resolved all claims as to all parties . . . ." Id. at 109 (emphases in original). Therefore, the appellant's motion to correct error, filed within thirty days of the entry in the CCS regarding the third motion, was timely, as was his notice of appeal filed within thirty days of the ruling on his motion to correct error.

This case is unlike Waldrip, however, in that although there are two entries on two different dates in the CCS, it is clear they both refer to the same order. All claims as to all parties were resolved by a single order signed March 19. In this regard, the parties seem to be in agreement; Rori Property has not contested that the March 19 order was a final judgment. That judgment was first noted in the CCS by an entry dated March 20. That the March 20 entry in the CCS is not entitled "final judgment entered" as the March 26 entry is does not make it any less an entry noting a final judgment. Unlike a summary judgment order on less than all the issues, claims, or parties in which specific language or the lack thereof has a legal implication, see Trial Rule 56(C), the March 19 judgment was a final appealable order without requiring any specific language to make it so.[4] Thus, the March 26

---

[3] The opinion also notes that it appears appellant did not receive actual notice of the ruling on the third motion, either. It is unclear how much, if at all, this fact figured in the decision.

[4] We do note, however, that the judgment nonetheless states that it "shall be a final judgment on

CCS entry, while including more detail about the March 19 judgment, was simply a duplicate of the March 20 CCS entry. After the judgment was signed on March 19 and noted on the CCS on March 20, there could be no confusion that the case was resolved by entry of a final judgment.

An appeal must be initiated within thirty days after a final judgment is noted in the CCS (or within thirty days of the trial court's ruling on a motion to correct error being noted on the CCS or within thirty days of a motion to correct error being deemed denied where applicable), or the right to appeal is forfeited. See App. R. 9(A)(5) ("Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited . . . ."). The final judgment was noted in the CCS on March 20, making a Notice of Appeal timely if filed on or before April 19. Rori Property's Notice of Appeal, filed April 24, was therefore untimely, and its appeal of the March 19 judgment is dismissed.[5]

## II. Appeal from Denial of Motion for Relief from Judgment

On April 23, 2012, Rori Property filed a Motion for Relief from Judgment asking the trial court to set aside or reconsider its March 19 judgment. In support of this motion, Rori Property noted that also on March 19, 2012, Governor Daniels signed into law Indiana Code section 32-29-8-4. Rori Property claimed this statute affected this case, specifically the trial

---

all issues pursuant to Trial Rule 54." App. at 1172.

[5] As noted above, Rori Property did not respond in its appellate brief to McCullough Construction's argument regarding the timeliness of its Notice of Appeal directly from the judgment. We also note that Rori Property's Motion for Relief from Judgment, to be discussed in greater detail below, was filed one day before its Notice of Appeal and includes the following argument for relief: "Additionally, the Clerk has released the funds related to the Interpleader Order and the Order prior to the Court's consideration of this Motion as well as the expiration of the appellate time period under Rule 9 of the Indiana Rules of Appellate Procedure." App. at 1176 (emphasis added).

court's finding that strict foreclosure did not apply and its corresponding entry of judgment against Rori Property on its counterclaim. Rori Property asserted the timing of the passage of this bill was a surprise entitling it to relief pursuant to Trial Rule 60(B)(1), that the passage of the bill and its effect on this case makes it no longer equitable to apply the judgment pursuant to Trial Rule 60(B)(7), and that there exist other equitable reasons justifying relief pursuant to Trial Rule 60(B)(8). On May 25, 2012, the trial court denied the motion for relief.[6] Rori Property then filed Notice of Appeal from this order on June 25, 2012.[7]

Rori Property asserts the trial court erred in denying its motion for relief because the trial court did not adequately consider the requirements of a new statute dealing with strict foreclosure passed nearly simultaneously with the judgment making a ruling on Rori Property's entitlement to strict foreclosure. We review the grant or denial of a motion for relief from judgment for an abuse of the trial court's discretion. Clements v. Hall, 966 N.E.2d 757, 759 (Ind. Ct. App. 2012), trans. denied. An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effects of the facts and circumstances before the court. Id.

---

[6] The notice of completion of Clerk's Record had been filed in the first appeal before this date which would ordinarily divest the trial court of authority to act. See In re Guardianship of Hickman, 811 N.E.2d 843, 848 (Ind. Ct. App. 2004) (noting that pursuant to Appellate Rule 8, this court acquires jurisdiction when the notice of completion of the clerk's record is issued by the trial court clerk, and the trial court may act thereafter only in limited circumstances), trans. denied. However, that appeal was forfeited as of April 19, 2012, when no timely Notice of Appeal had been filed, and therefore this court never acquired jurisdiction and the trial court retained jurisdiction to consider and rule upon the motion.

[7] McCullough Construction also raises a timeliness issue with respect to this Notice of Appeal, contending that the Notice was due on June 24 but was not filed until June 26. The thirtieth day after the trial court's May 25 denial was indeed June 24. However, June 24, 2012 was a Sunday, and pursuant to Trial Rule 6(A), the last day of a period of time allowed by rule is not counted if it is a Sunday; the period runs until the end of the next day – in this case, June 25. The Notice of Appeal was file-stamped by the Clerk of this court on June 25, and was therefore timely. Nothing in the record supports McCullough Construction's assertion

9

Rori Property makes two arguments for why the trial court abused its discretion in failing to reconsider its judgment in light of Indiana Code section 32-29-8-4 and allowing the judgment for McCullough Construction to stand, thereby denying Rori Property's claim for strict foreclosure. Considering the arguments in reverse order, Rori Property claims that because an emergency was declared, the statute became effective immediately upon passage, and that date was not March 19, 2012, the date the Governor signed the bill, but March 9, 2012, the date it was passed by the General Assembly. Therefore, Rori Property argues the statute was effective as of a date prior to the trial court's order (although conceding that could not have been known at the time of the order), and should have been considered when raised by Rori Property in its motion for relief from judgment.

We need not determine what "passage" means for purposes of when a statute becomes effective, however, because the timing is not critical due to Rori Property's second argument: that the trial court erred in "conclud[ing] with the signing of the Judgment that strict foreclosure does not apply, in contravention to Indiana common law and the newly codified statute relating to the same process." Brief of Appellants at 20. In making this argument, Rori Property states the "new statute does not represent a change in the law of strict foreclosure, inasmuch as it is merely a legislative recognition and formalization of a long existing common law doctrine." Id. at 19 (emphasis added). Essentially, then, Rori Property concedes that regardless of when the statute became effective, it did not change the law the trial court should have applied and is merely arguing that the trial court erred in entering the

that the Notice of Appeal was filed on June 26.

10

judgment in the first place based on existing and long-standing law regarding strict foreclosure.

Rori Property's opportunity to directly appeal the trial court's judgment and raise issues regarding the trial court's decision about strict foreclosure was forfeited due to its failure to file a timely notice of appeal as discussed above, and the motion for relief from judgment makes no arguments that could not have been made in that direct appeal. Cf. Legal v. Cruse, 267 Ind. 83, 86-87, 368 N.E.2d 235, 237 (1977) (creating a process for filing Trial Rule 60(B) motions while an appeal is pending requiring leave from the appellate court to file the motion; if leave is granted, the appeal is terminated and any issues raised in the original appeal may also be addressed in an appeal from the motion for relief from judgment), cert. denied, 435 U.S. 943 (1978); Southwood v. Carlson, 704 N.E.2d 163, 165 (Ind. Ct. App. 1999) (noting that even if the Trial Rule 60(B) motion is filed before the appellate court obtains jurisdiction, once the appellate court does obtain jurisdiction, the movant becomes obligated to follow the Legal procedure); see also Am. Family Mut. Ins. Co. v. Federated Mut. Ins. Co., 800 N.E.2d 1015, 1022 (Ind. Ct. App. 2004) (noting "the avoidance of piecemeal litigation, the concerns regarding expenditure of resources, and disallowing a 'second bite at the apple'" as "long-standing considerations" in appellate courts). We therefore hold that Rori Property cannot do indirectly what it is foreclosed from doing directly and dismiss the appeal of the denial of the motion for relief from judgment as well. To hold otherwise would give Rori Property an untimely second bite at the apple.

## Conclusion

Rori Property's appeal from the trial court's judgment was untimely, and it cannot resurrect those forfeited claims via a motion for relief from judgment. The appeals are dismissed and the trial court's judgment is affirmed.

Dismissed.

MAY, J., and PYLE, J., concur.