**In the Matter of N.H., A.V., E.M., Children in Need of Services,**

**Gregory Hardister, Appellant–Respondent,**

v.

**Marion County Department of Child Services, Appellee–Petitioner,**

**and**

**Child Advocates, Inc., Appellee— (Guardian ad Litem).**

**No. 49A04–0609–JV–504.**

Court of Appeals of Indiana.

May 14, 2007.

Victoria L. Bailey, Gilroy, Kammen & Hill, Indianapolis, IN, Attorney for Appellant.

Kimberly Spindler, Indianapolis, IN, Attorney for Appellee Marion County Department of Child Services.

Inge Van Der Cruysse, Indianapolis, IN, Attorney for Appellee Child Advocates, Inc.

## OPINION

ROBB, Judge.

*Case Summary and Issue*

In 2000, Greg Hardister was appointed guardian of his step-daughter, A.V. In 2002, A.V. became the subject of a child in need of services ("CHINS") petition. In 2006, Hardister sought discovery in the CHINS proceeding of certain information regarding A.V. and the guardian ad litem ("GAL") objected. Hardister now appeals the trial court's judgment that he is not entitled to discovery because he is no longer a party to the CHINS action. Concluding that the trial court erred in dismissing Hardister as a party to the CHINS because he had not been removed as A.V.'s guardian, we reverse and remand.

*Facts and Procedural History*

The parties do not elaborate on the facts prior to the CHINS proceedings, but from our review of the record, the facts appear to be that Hardister is the step-father of A.V. and the father of N.H. and E.M. from his marriage to Monica Hardister, who is now deceased. Hardister is re-married to Sabrina Hardister, who came into the marriage with children of her own. In August of 2000, Hardister was appointed guardian of A.V. The Hardisters had contact with the Marion County Office of Family and Children ("MCOFC")[1] on several occasions prior to June 2002, when the instant CHINS proceedings were filed with regard to N.H., E.M., and A.V.[2] All three were determined to be CHINS and made wards of MCOFC. A.V. was committed to therapeutic foster care. Eventually, termination of parental rights proceedings were initiated with regard to Hardister and N.H. and E.M. The CHINS proceedings continued while the termination proceedings were pending.

---

1. The Marion County Office of Family and Children is now known as the Marion County Department of Child Services, but as it was MCOFC when this case was initiated, we will refer to it by that name herein.

2. It appears that CHINS petitions were also filed with regard to Sabrina and her children. She and Hardister stated that they were living separately while each participated in services with respect to their own children. Sabrina was successfully reunited with her children and again began residing with Hardister. Sabrina declined to participate in services with regard to N.H., E.M., and A.V.

In June 2006, Hardister made several non-party requests for production for information regarding A. V.'s placement and progress, as well as requesting documents from A.V.'s GAL. The GAL filed a Motion for Protection from Discovery, alleging in part that "Mr. Hardister has no legal interest in [A.V.]: he is not her legal guardian under the CHINS, and he is not her father or alleged father." Appellant's Appendix at 151. At a hearing on July 11, 2006, regarding the GAL's motion, the GAL's attorney stated:

> [A.V.] ... is not the child of Mr. Hardister[ ], I understand that ... [he] had legal guardianship over her before the chins started but as I understand it this court ... has stated several times to Mr. Hardister that ... guardianship is not ... valid during the chins obviously. So ... at this point I ... even though Mr. Hardister is still a party ..., we object that he's ... asking for or requesting discovery.

Transcript at 5. The trial court took the parties' motions under advisement. As a placement hearing was already scheduled for July 25, 2006, the court promised a ruling at that time. At the July 25 hearing, MCOFC informed the court that an order terminating Hardister's parental rights to N.H. and E.M. had been entered the day before. The following exchange then took place:

> THE COURT: Alright, uh, council [sic] you represent Mr. Hardister I guess now.
>
> MR. WORDEN: That's correct.
>
> THE COURT: With the ... termination no, no longer a party but I'll let you throw your two cents in if you want, if anything you want to say.
>
> MR. WORDEN: I'm sorry say that again?

> THE COURT: He's no longer a party of this case since he's been terminated is that correct?
>
> MR. WORDEN: Uh, well that was one of the things that your honor was going to rule on with respect to my, my party request for production. You were to rule today whether or not he can father with respect to [A.V.] I'm not certain ... when you say no longer a party with respective [sic] that's his biological children.
>
> THE COURT: The chins.
>
> MR. WORDEN: I, I think he still is a party with respect to [A.V.] because had previously had custody and that was what your honor was going to rule on today.
>
> * * *
>
> THE COURT: ... I'm going to in light of what's happened and I find that Mr. Hardister is not a party to this case in light of the termination has been granted. So I'm going to grant the motion for protective order filed by the guardian ad litem.
>
> * * *
>
> MR. WORDEN: ... I'm not sure on what ground or what is the authority that the court relies upon to say that he is no longer a party to the case....
>
> * * *
>
> THE COURT: How is he a party?
>
> MR. WORDEN: What I'm saying is everybody is a party until wardship is dismissed to whose [sic] previously been a guardian because if they weren't every time you have a child who becomes a ward of the state, who has a guardianship through somebody else, that guardianship is defacto dissolved, which is what Judge Cartmel did. She said you can't have two guardianships[;] Greg Hardister can't be a guardian if, if the [MCOFC] is the guardian but that

doesn't resolve [MCOFC] or the court of the obligation to try and reunify him or keep him involved in the proceedings....

THE COURT: Alright, well, I've ... granted the protective order and I've found at this point, this point in time, Mr. Hardister is not a party of this case. He may have been in the past he may well be in the future but he's not at this point.

Tr. at 14–20. The trial court denied Hardister's motion to correct error, and Hardister initiated this appeal.

## Discussion and Decision

### I. Parties to the CHINS Proceeding

■ Hardister contends that the trial court erred in dismissing him as a party to the CHINS proceedings concerning A.V. He notes that according to Indiana Code section 31–34–9–7, a child's guardian is a party "to all proceedings described in the juvenile law and [has] all rights of parties under the Indiana Rules of Trial Procedure." All parties agreed that Hardister had been properly appointed A.V.'s guardian prior to the CHINS proceedings. Hardister contends that, notwithstanding the CHINS proceedings, his guardianship of A.V. continued until it was properly terminated following notice and a hearing, pursuant to Indiana Code section 29–3–12–4, and that no such notice was given nor was a hearing held removing him as

guardian. Hardister further notes that if the filing of a CHINS petition automatically terminated a guardianship, a large part of the CHINS statute would be meaningless, as the CHINS statute specifically provides, *inter alia,* for a child's guardian to be a party to the proceedings, Ind.Code § 31–34–9–7, for the guardian to be served a summons for an initial CHINS hearing, Ind.Code § 31–34–10–2, and for the juvenile court to order a guardian to participate in services, Ind.Code § 31–34–20–3.

■ MCOFC and the GAL agree with Hardister that the trial court erred in dismissing him as a party to the CHINS proceedings, noting that there seemed to be some confusion regarding whether the guardianship had been previously terminated. The GAL notes that the usual procedure is to consolidate the guardianship case with the CHINS case, and that thereafter seeking the termination of the guardianship is the functional equivalent of seeking the termination of parental rights. MCOFC and the GAL acknowledge that the "usual procedure" was not followed in this case and that at the July 25, 2006, hearing, Hardister remained A.V.'s guardian and a proper party to the CHINS proceedings.[3]

### II. Discovery

Hardister does not make a separate argument in his brief regarding discovery;

---

**3.** It appears that after Hardister filed his brief with this court and before MCOFC and the GAL filed their briefs, MCOFC filed a "Motion to Consolidate and Motion to Dismiss Appointed Guardian" in the CHINS proceeding. A hearing was set on MCOFC's motions for January 30, 2007. We obviously do not know if this hearing was in fact held on that date or the outcome of the hearing if it was, but we note that generally, once an appeal is perfected, the trial court loses jurisdiction over the case. *Johnson v. State,* 832 N.E.2d 985, 993 (Ind.Ct.App.2005), *trans. denied.* We have

held that the trial court can still rule on issues that could not have been raised on appeal, however. *See Southwood v. Carlson,* 704 N.E.2d 163, 165 (Ind.Ct.App.1999). Although the CHINS court had not been asked to decide the merits of Hardister's continued guardianship prior to this appeal, we believe it would have been inappropriate for the trial court to hold a hearing and rule on MCOFC's motions while this appeal was pending, as MCOFC cannot do indirectly what it was not able to do directly.

rather, he merely asserts that as a party to the CHINS proceedings, he is entitled to the discovery he requested. The GAL notes that the trial court never reached the merits of the Motion for Protection from Discovery because it found Hardister was not a party and therefore not entitled to discovery. The GAL requests that the discovery issue be remanded. We note that the July 11, 2006, hearing was held on the merits of the Motion for Protection from Discovery, and the GAL had an opportunity at that time to support her motion. We therefore remand for the trial court to rule on the GAL's Motion for Protection from Discovery on its merits based upon the hearing already held.

### Conclusion

Because Hardister's guardianship over A.V. was never terminated, he remained a party to the CHINS proceeding and the trial court erred in finding otherwise. This matter is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

SULLIVAN, J., and VAIDIK, J., concur.