## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT PRO SE

Kimball Rustin Roy Scarr
Connersville, Indiana

ATTORNEY FOR APPELLEE

Leanne S. Titus
Feiwell & Hannoy, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kimball Rustin Roy Scarr, <br> *Appellant,* <br><br> v. <br><br> JPMorgan Chase Bank National Association, <br> *Appellee.* | September 15, 2015 <br><br> Court of Appeals Case No. 21A01-1411-MF-466 <br><br> Appeal from the Fayette Superior Court <br><br> The Honorable Gregory A. Horn, Special Judge <br><br> Trial Court Cause No. 21D01-1312-MF-873 |

**Barnes, Judge.**

# Case Summary

Kimball Rustin Roy Scarr appeals the trial court's grant of summary judgment to JPMorgan Chase Bank ("Chase"). We affirm.

# Issues

Scarr raises numerous issues, which we consolidate and restate as:

I.   whether the trial court properly granted Chase's motion for summary judgment; and

II.  whether Chase had standing to foreclose on the mortgage.

# Facts

Scarr executed a promissory note to SurePoint Lending ("SurePoint") in the amount of $196,222.00. The promissory note was dated August 26, 2008, but next to Scarr's signature, he wrote "26 Nov. 2008." Appellee's App. p. 7. The promissory note provided: "Borrower's promise to pay is secured by a mortgage . . . that is dated the same date as this Note . . . ." *Id.* Scarr also executed a mortgage that granted a security interest in property in Connersville. The mortgage was dated August 26, 2008, and next to Scarr's signature, he wrote "26 Aug 2008." *Id.* at 15. According to Scarr, although he signed the mortgage in August 2008, he did not sign the promissory note until November 26, 2008. Scarr admits, however, that the loan funds were disbursed in late August or early September. The mortgage was recorded on September 4, 2008. The

mortgage was then assigned to Chase. Scarr made payments on the promissory note until June 2013, when he stopped and made no further payments.

[4] In December 2013, Chase filed a mortgage foreclosure complaint against Scarr. In April 2014, Chase filed a motion for summary judgment. Scarr filed a lengthy response to the motion for summary judgment along with dozens of exhibits. He seemed to argue, in part, that the promissory note and the mortgage were invalid because they were allegedly not signed on the same date, that SurePoint was not authorized to enter into loan transactions, and that Chase was not entitled to enforce the promissory note and mortgage. Chase filed a response and argued that, even if Scarr is correct about the date the promissory note was signed, Scarr ratified the promissory note and mortgage and made payments through June 2013. Chase also moved to strike Scarr's Exhibit X, an affidavit executed by Scarr that, according to Chase, consisted "solely of self-serving statements." Appellant's App. p. 896.

[5] At the summary judgment hearing, Scarr attempted to file additional evidence, including an amended Exhibit X, to which Chase objected, and the trial court sustained the objection. Scarr admitted during the hearing that he stopped making payments on the loan because he ran out of money, not because of any irregularity in the loan process. On July 31, 2014, after the hearing, the trial court granted Chase's motion to strike Exhibit X and the new affidavits presented at the hearing. The trial court also granted Chase's motion for summary judgment as follows:

The facts as provided in the designated evidence reveal that in August, 2008 Scarr applied for and received a mortgage for his residence . . . . Scarr signed the mortgage which was with SurePoint Lending. Scarr claims that he did not sign the Promissory Note at that time but admits that he did sign it, he believes, on November 26, 2008. Additionally, Scarr makes a number of other negative allegations regarding the closing of the mortgage loan.

Even assuming *arguendo* the facts as stated by Scarr are true, Scarr's actions, post-closing, ratify the mortgage loan. As noted by Chase in its Reply Brief, "Ratification applies when a party to a contract, with knowledge of facts entitling that party to rescind the contract, treats the contract as a continuing and valid obligation, thus leading the other party to believe that the contract is still in effect."

Indeed, Scarr believed he had a right to rescind the mortgage loan prior to his execution of the Promissory Note which he says occurred on November 26, 2014 [sic]. Whether or not his belief was valid is not the point. What matters is that he believed he had the right to do so. Yet, in spite of believing that the closing of the mortgage loan was rife with irregularities and problems, Scarr executed the Promissory Note—at least as of November 26, 2008. And, then, Scarr made monthly payments each and every month thereafter from the time of the loan's origination *through June 1, 2013*. By tendering monthly payments, Scarr ratified the Promissory Note and Mortgage thereby rendering the alleged irregularities and problems moot.

* * * * *

It is clear and the Court so finds that Chase has proved its prima facie case of foreclosure and Scarr has failed to show payment on

the Promissory Note or raise any genuine issue as to any material fact. Chase has clearly shown: (1) Scarr executed the Promissory Note and Mortgage; (2) Chase is in possession of the original Promissory Note; (3) Scarr admits that he executed the Promissory Note; (4) Scarr ratified the mortgage loan by tendering payments for nearly five (5) years; (5) Scarr defaulted on the Promissory Note; and (6) Chase is entitled to enforce the Promissory Note as the holder of the instrument. There are no genuine issues of material fact and Chase is entitled to Judgment as a matter of law.

Appellant's App. pp. 11-12 (internal citations omitted). The trial court granted Chase a judgment against Scarr in the amount of $200,649.11, and ordered foreclosure of the mortgage.

[6] Scarr filed a motion to correct error arguing, in part, that the trial court erred by excluding Exhibit X and the exhibits presented at the hearing and that the trial court should admit evidence allegedly discovered after the summary judgment hearing. After a hearing on Scarr's motion, the trial court denied the motion to correct error on October 13, 2014.

[7] Scarr also filed a motion for relief from judgment pursuant to Indiana Trial Rule 60 on October 8, 2014. Scarr argued that Chase did not have standing to foreclose the mortgage because "the loan was turned in to HUD by the Plaintiff and sold at HUD's auction June 11, 2014 prior to summary judgment." *Id.* at 569. Scarr also argued:

Fraud and misrepresentation by the Plaintiff and SurePoint Lending against Defendant Scarr in attempting to obtain a note

> without disclosure and following rescission of the mortgage loan by the defendant on or about 29 August 2008 by violation of Truth in Lending Act [TILA] 15 U.S.C. 1601 et seq. failure to disclose facts due to lack of promissory note and supporting said illegitimate and rescinded 'mortgage', unsupported by a promissory Note.

*Id.* Scarr's exhibits to the motion indicated that the mortgage had been sold by Chase to "LSF9 Master Participation Trust" on August 15, 2014 and that servicing rights had been transferred to Caliber Home Loans effective October 1, 2014. *Id.* at 733. Chase responded that neither event affected the validity of the foreclosure action or the grant of summary judgment and that Indiana Trial Rule 25(C) permits Chase to remain the Plaintiff despite the transfer of interest after the summary judgment ruling. The trial court set the matter for hearing.

[8] However, on November 10, 2014, before the trial court ruled on the motion for relief from judgment, Scarr filed a notice of appeal from the grant of summary judgment and the denial of the motion to correct error. On December 3, 2014, prior to the hearing, the trial court found that it no longer had jurisdiction over the case under Indiana Appellate Rule 8 because the Notice of Completion of Clerk's record had been filed. Consequently, the trial court vacated the hearing on Scarr's motion for relief from judgment due to lack of jurisdiction. Scarr now appeals the grant of summary judgment and the denial of the motion to correct error.

# Analysis

We first note that Scarr chose to proceed pro se before both the trial court and this court. Scarr's sixty-two-page Appellant's Brief and thirty-one-page Reply Brief contain numerous arguments, the majority of which are unintelligible, unsupported, and rambling. It also appears that some of the arguments were not presented to the trial court. We remind Scarr that "a pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *In re G.P.*, 4 N.E.3d 1158, 1164 (Ind. 2014). An appellant who presents an issue for the first time on appeal waives the issue for purposes of appellate review. *Mid-States Gen. & Mech. Contracting Corp. v. Town of Goodland*, 811 N.E.2d 425, 436 n.2 (Ind. Ct. App. 2004). Further, Scarr's failure to present cogent argument supported by relevant legal authority constitutes a waiver of the majority of his claims for appellate review. *See* Ind. Appellate Rule 46(A)(8)(a). We have addressed only his cogent arguments that were presented to the trial court and that are supported by some relevant authority.

## I. Summary Judgment

Scarr argues that the trial court erred by granting Chase's motion for summary judgment. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56. We liberally construe all designated evidentiary material in a light most favorable to the non-moving party to determine whether there is a

genuine issue of material fact. *Bradshaw v. Chandler*, 916 N.E.2d 163, 166 (Ind. 2009). The party that lost in the trial court has the burden of persuading the appellate court that the trial court erred. *Id.* Our review of a summary judgment motion is limited to those materials designated to the trial court. *Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind. 2001).

[11] Where a trial court enters findings of fact and conclusions thereon in granting a motion for summary judgment, as the trial court did in this case, the entry of specific findings and conclusions does not alter the nature of our review. *Rice v. Strunk*, 670 N.E.2d 1280, 1283 (Ind. 1996). In the summary judgment context, we are not bound by the trial court's specific findings of fact and conclusions thereon. *Id.* They merely aid our review by providing us with a statement of reasons for the trial court's actions. *Id.*

[12] Scarr argues that Chase was not entitled to summary judgment because the promissory note and mortgage were unenforceable. Scarr's specific concern regarding the documents is the differing dates on the promissory note and the mortgage. According to Scarr, the differing dates make the promissory note and mortgage unenforceable because they are ambiguous and because the promissory note to SurePoint was signed by Scarr after the assignment to Chase.

[13] First, we note that the circumstances surrounding the promissory note and mortgage signing are unclear. When Scarr signed the mortgage in August 2008, he also signed a "Compliance Agreement" and "Error and

Omissions/Compliance Agreement," in which he agreed to "fully cooperate, adjust for clerical errors, or replace any document in connection with, any or all loan closing documentation if deemed necessary . . . ." Appellant's App. p. 199. Scarr contends that he did not sign the promissory note until November 2008. Chase does not concede that the documents were executed on different dates. Even if they were, given the Compliance Agreements, we cannot say that the differing dates on the mortgage and promissory note would be fatal to enforcement of the agreements.

[14] Moreover, the trial court concluded that, even assuming there were irregularities with signing the promissory note, Scarr ratified the promissory note and mortgage and cannot now raise the irregularities as a defense. We agree. "'Ratification applies when a party to a contract, with knowledge of facts entitling that party to rescind the contract, treats the contract as a continuing and valid obligation, thus leading the other party to believe that the contract is still in effect.'" *Smith v. McLeod Distrib., Inc.*, 744 N.E.2d 459, 465-66 (Ind. Ct. App. 2000) (quoting *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1236 n.6 (Ind. 1994)); *see also Lawlis v. Kightlinger & Gray*, 562 N.E.2d 435, 443 (Ind. Ct. App. 1990) (holding that "where one has full knowledge of an alleged fraud in the inducement yet acts in a manner which shows an intent to confirm the contract, he waives any claim for damages relating to such alleged misrepresentation"), *trans. denied*.

Scarr accepted the benefits of the promissory note and mortgage and made regular payments on the loan until June 2013. Scarr cannot now claim that the promissory note and mortgage are unenforceable. There are no genuine issues of material fact, and Chase was entitled to judgment as a matter of law. The trial court properly granted summary judgment to Chase.

## II. Standing

Scarr also argues:

> Prior to Final Judgment Chase had already turned the loan into HUD under the "601" assignment program, applied for and received full and certified accepted complete payment of $194,189.34 on Scarr's FHA mortgage insurance over two weeks before Summary Judgment. At the time of Summary Judgment, Chase did not hold nor have right to enforce the "Note" nor "Mortgage" as HUD held both by contract, law and fact.

Appellant's Brief p. 29. Scarr contends that Chase did not have standing to enforce the loan and was not a real party in interest.

The trial court granted Chase's motion for summary judgment on July 31, 2014 and denied Scarr's motion to correct error on October 13, 2014. On October 8, 2014, Scarr filed a motion for relief from judgment arguing that Chase did not have standing to foreclose the mortgage because "the loan was turned in to HUD by the Plaintiff and sold at HUD's auction June 11, 2014 prior to summary judgment." Appellant's App. p. 569. However, on November 10, 2014, Scarr filed a notice of appeal from the grant of summary judgment and

the denial of the motion to correct error, and the notice of completion of clerk's record was filed in late November 2014. On December 3, 2014, prior to the hearing on the motion for relief from judgment, the trial court found that it no longer had jurisdiction over the case under Indiana Appellate Rule 8 because the notice of completion of clerk's record had been filed. Consequently, the trial court vacated the hearing on Scarr's motion for relief from judgment due to lack of jurisdiction.

[18] Scarr is now making similar arguments to those found in his motion for relief from judgment. However, the trial court never ruled on that motion. Indiana Appellate Rule 8 provides that "[t]he Court on Appeal acquires jurisdiction on the date the Notice of Completion of Clerk's Record is noted in the Chronological Case Summary." *See also Southwood v. Carlson*, 704 N.E.2d 163, 166 (Ind. Ct. App. 1999) (holding, under the prior version of the appellate rule, that the trial court did not have jurisdiction to rule on the Trial Rule 60(B) motion because the trial court lost jurisdiction when the record of proceedings was filed). The trial court here lost jurisdiction prior to the hearing on the motion and has not had the opportunity to make a ruling on Scarr's motion. Given the lack of a ruling on Scarr's motion, we decline to address the argument on appeal.

## Conclusion

[19] The trial court properly granted Chase's motion for summary judgment and denied Scarr's motion to correct error. We affirm.

Affirmed.

Kirsch, J., and Najam, J., concur.